IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A.—7th Circuit
RECEIVED
JUL 26 2021

CASE No. 20-1889

Jurijus Kadamovas

PETITIONER - APPELLANT

v.

T.J. Watson, Warden

RESPONDENT - APPELLEE

APPEAL FROM THE U.S. DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF INDIANA, TERRE
HAUTE DIVISION.

No. 2-19-cv-00540-JPH-MJD

HONORABLE JAMES P. HANLON.

APPELLANT, JURIJUS KADAMOVAS PRO SE
RESPONSE TO COURT ORDER TO FILE
STATUS REPORT ON OR BEFORE AUGUST 2 2021

APPELLANT JURIJUS KADAMOVAS HAS NOT
MOVED IN THE SENTENCING COURT TO VACATE
THE CRIMINAL JUDGMENT, BUT APPELLANT IS TAKING
ACTIONS TO OBTAIN RELIEF AND REVIEW OF HIS
SITUATION IN THE SENTENCING COURT.

REASONS AND ACTIONS TAKEN
BY APPELLANT

MY APPEALS TO THE SENTENCING COURT
UNDER SECTION 2255 CAN NOT BE FILED.

BECAUSE THE STRUCTURAL PROBLEMS AND OBCTRUCTED PROCEDURAL POSSIBILITY FOR SEEKING RELIEF UNDER 2255 MOTION, CREATED BY THE BOP OFFICIALS AND PROSECUTORS, AS WELL BECAUSE RAISSIONS OF ACTIONS BY COURT APPOINTED ATTORNEYS THE PROCEEDINGS UNDER SECTION 2255 WILL NOT AFFORD ME A REASONABLE OPPORTUNITY TO ADDRESS ALL ISSUES AND OBTAIN RELIABLE DETERMINATION. MY APPEAL FOR SECTION 2255 WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED, EXTREMELY PROLONGED AND THEREFORE CAN NOT BE FAIR, ADEQUATE OR EFFECTIVE.

THAT IS THE MAIN REASON THAT I FILED MY HABEAS CORPUS PETITION PRO SE IN TO THE COURT IN INDIANA AND NOW APPEALING TO THE 7TH CIRCUIT COURT OF APPEALS,

I IMPLORINGLY ASKING THIS COURT TO HEAR ME OUT. PLEASE HEAR ME, SEE MY APPELANT BRIEF TO THIS COURT AND CHECK ALL THE FACTS THAT I HAVE PRESENTED TO THE DISTRICT COURT OF INDIANA. THE ISSUES THAT I RISE IS NOT A TRIVIAL TECHNICALITIES, BUT SERIOUS VIOLATIONS OF CONSTITUTIONAL RIGHTS OF THE U.S. AND COSTOMARY INTERNATIONAL LAWS AND TREATYS.

I STATED A VALID CLAIMS THAT THE BOP OFFICIALS DESTROY MY LEGAL MATERIALS AND

2

WORK PRODUCTS TO COVER-UP PROSECUTORIAL MISCONDUCT AND STOP ME FROM PROPERLY CHALLENGING MY CONVICTION AND DEATH SENTENCE. IT WILL BE IMPOSSIBLE TO PRESENT LEGALLY SUFFICIENT 2255 PETITION WITHOUT HAVING A FULL CORRECT AND MEANINGFUL ACCES TO ALL DISCOVERY MATERIALS, COURT TRANSCRIPTS AND OTHER DOCUMENTS NECESSARY TO CONDUCTING THE 2255 PETITION WHEN GOVERNMENT AND THE BOP OFFICIALS SUFFICIENTLY TAMPERING WITH ALL MY LEGAL MATERIALS, PARTICULARLY WITH THOSE THAT PROVING MY INNOCENCE AND THEIRS MISCONDUCT.

## ISSUES WITH ATTORNEYS

I WAS PROMISED THAT ALL MY CONCERNS WILL BE ADDRESSED WHEN I START MY 2255 APPEALS. SEE ATTACHED AS ATTACHMENT # 1 " EX PARTE APPLICATION TO APPOINT COUNSEL FOR PROCEEDINGS PURSUANT TO 28 USC 2255" ON A PAGE 12, PARAGRAPH 13, ("...) MR. KARA-MOVAS'S ABILITY TO WORK ON HIS CASE AND WITH THE DISCOVERY IN PREPARATION FOR FILING A 2255 MOTION IS IMPERATIVE. THE APPOINTMENT OF THE IFCA AND MR. FOLEY WILL ALLOW MR.

3.

Kabamovas's concerns about confidential access to his case materials to be addressed."

The appointed attorneys refuse to address this issues and other concerns to the sentencing court. In fear that my concerns will never be heard by courts, I have filed my 2241 petition to the district court in Indiana. Since then I have irreconcilable difference with all appointed legal team, atmosphere of total mistrust, misgivings and conflicting interests. We have a total breakdown of Attorney-Client relationship and communication, and I will newer authorise them to file anything under section 2255 to the sentencing court for reasons explained above.

<u>The actions I taking to obtain</u>
<u>review of my issues in the</u>
<u>sentensing court</u>

I have filed several motions to the sentencing court. (See attached as Attachment #2). Motion to proceed Pro se on 28 U.S.C. 2255 Motion for Collateral relief Doc. # 2386 filed to the sentencing court

4,

On 10/13/20, which is got in to the file record, but all other motions including " Motion to Replace Appointed Counsels for Proceedings pursuant to 28 USC 2255 was Deny. The Court Ordered:

" Following the appointment of counsel, Petitioner may pursue this matter and communicate with the Court only through filings by counsel. Any further submissions shall be rejected by the clerk and stricken from the file." See case 2:02-cr-00220-RCS Doc #2396 Filed 12/02/20. Essentially the sentencing court denie me any relief nor willing to hear from me. The many of the same issues I try to rise since 2009. See Attachment #1 page 9-10, and can not obtain any relief, even from 9TH circuit court of appeals.

On July 5, 2021 I sent Appeal motion to Replace Appointed Counsels with two attachments to the US Court of Appeals for the Ninth Circuit with the USPS Tracking # 9114 9022 0078 9494 2475 79. Which was delivered on July 14, 2021 See attached Copy as attachment #3.

I can't know what the 9TH Circuit

5

WILL ORDER AT THIS TIME, BUT I KNOW THAT ALL MY PRIVEOUSLY FILED PRO SE MOTION TO THE 9TH CIRCUIT WAS REJECTED BECAUSE I HAVE AN ATTORNEY AND ONLY ATTORNEY CAN COMMUNICATE WITH THE COURT. So... I AM ON SOME SORT OF LOOP FOR MORE THEN DECADE. I HAVE TO RELY ON THE KINDNESS OF SOME STRANGERS WHO PRETEND THAT THEY ARE DILIGENTLY WORKING ON MY CASE." AN "ATTORNEY"

SOME ONE MAY BELIEVE THAT ATTORNEY CAN FILE SOMTHING UNDER SECTION 2255 ON MY BEHALF, BUT FILING SOMTHING IS MUCH LESS THEN EVERITHING. AND IF IT CAN NOT BE FAIR, THEN IT DO NOT HAVE TO BE AT ALL. I CAN'T AUTHORISE THEM TO FILE SOMTHING.

FEDERAL PRISONERS WHO SEEK TO COLLATE-RALLY ATTACK THEIR CONVICTION OR SENTENCE MUST ORDINARLY BRING AN ACTION UNDER 28 USC 2255, THE FEDERAL PRISONER's SUBSTITUDE FOR HABEAS CORPUS. HOWEVER, A FEDERAL PRISO-NER MAY PETITION UNDER 28 USC§2241 IF HIS 2255 REMEDY IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OR HIS DETENTION. 28 USC§. 2255 (E). THAT GENERALLY REQUIRES A STRUCTURAL PROBLEM IN 2255 THAT FORECLOSES

6.

EVEN ONE ROUND OF EFFECTIVE COLLATERAL REVIEW, UNRELATED TO THE PETITIONER'S OWN MISTAKES. SEE TAYLOR v GILMET 314 F. 3d 832, 835 (7TH CIR. 2002) ALSO POE v LA RIVA, 834 F. 3d 7080, 7782 (7TH CIR. 2016) (CITATION, QUOTATION MARKS, AND ALTERATION OMITTED).

As THIS COURT MAY SEE, THIS CASE IS NOT ORDINARILY DEVELOPING AND IT IS NOT MY OWN MISTAKES THAT IT CAN NOT BE JUST THE NORMAL. THEREFORE I ASKING THIS COUR TO HAVE A PITY ON ME AND MAKE A RULE ON MY APPEAL No. 20-1889. I AM MORE THEN 19 YEARS IN TORTUROUS SOLITARY CONFINEMENT FOR CRIMES I AM NOT COMMIT, I DO NOT KNOW HOW MUCH LONGER I WILL MAKE.

THE ONE MORE THINK THAT I WOULD LIKE TO MANTION IS THAT MY SENTENCING JUDGE, WHO WERE FAMILIAR WITH THE RECORD RETIRE MORE THEN 10 YEARS AGO AND NEW APPOINTED JUDGE HAVE NO ADVANTAGE OWER THIS CASE MORE THEN ANY OTHER FEDERAL JUDGE IN THE U.S. ALSO THAT VENUE IS PROPER IN THE DISTRICT COURT OF INDIANA UNDER SECTION 2241.

DATED: 16 OF JULY, 2021        RESPECTFULLY SUBMITTED

7.                                JULIUS KABARIOUAS
                                  APPELLANT

DECLARATION ON MAILING

THE UNDERSIGNED DOES ATTEST UNDER PEWS OF PURPURY THAT HE DID MAIL THIS ORIGINAL RESPONSE TO COURT ORDER TO FILE STATUS REPORT TO: THE UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT, 219 SOUTH DEARBON STREET CHICAGO ILLINOIS 60604-1874 VIA U.S. MAIL, SUFFICIENT FIRST CLASS POSTAGE ATTACHED THERETO AND MAIL ON THIS 19 JULY 2021 DAY WHEREAS I ATTEST TO SUCH MAILING UNDER 28 USC 1746.

USPS TRACKING # **9114 9023 0722 4095 3119 22**
& CUSTOMER For Tracking or inquiries go to USPS.com
RECEIPT or call 1-800-222-1811.

JURIJUS KADAMOVAS
#21050-112
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN 47808

8.

ATTACHMENT #1

BENJAMIN L. COLEMAN
California State Bar No. 187609
COLEMAN & BALOGH LLP
1350 Columbia Street, Suite 600
San Diego, California 92101
Telephone No. (619) 794-0420
Facsimile No. (619) 652-9964
blc@colemanbalogh.com

Counsel for Defendant Jurijus Kadamovas

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JURIJUS KADAMOVAS,<br><br>Defendant. | Case No.  CR 02-00220-SJO<br><br>EX PARTE APPLICATION TO APPOINT COUNSEL FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255 |

Defendant Jurijus Kadamovas files this ex parte application to appoint counsel for proceedings pursuant to 28 U.S.C. § 2255.  This application is based upon the attached memorandum, exhibits, and the files and records in this case.

Respectfully submitted,

*s/Benjamin L. Coleman*

Dated: July 16, 2019

BENJAMIN L. COLEMAN
COLEMAN & BALOGH LLP
*Counsel for Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

Appointed appellate counsel for JURIJUS KADAMOVAS, an indigent federal prisoner under sentence of death respectfully request the Court to appoint counsel, pursuant to 18 U.S.C. § 3599(a)(2), to represent him in pursuing any and all available post-conviction remedies, including the investigation, preparation, and prosecution of a motion for post-conviction relief pursuant to 28 U.S.C. § 2255. Undersigned counsel Barbara E. O'Connor and Benjamin L. Coleman replaced trial counsel and were appointed to represent Mr. Kadamovas on direct appeal. *See United States v. Kadamovas*, No. 07-99009 (9th Cir.) at ECF Nos. 7 & 8. The Ninth Circuit Court of Appeals thereafter appointed a third attorney, Margaret Hills O'Donnell, to assist the undersigned on direct appeal. *Id.* at ECF No. 161. Because his direct appeal counsel are not available to work on his § 2255 proceedings, they request that the Court appoint the Indiana Federal Community Defenders office ("IFCD") and California attorney Timothy J. Foley.[1]

Mr. Foley is a member in good standing of the bar of this Court and of the California Bar, and has specialized expertise and many years of experience in

---

[1] Current counsel have consulted with the Federal Capital Habeas Project, which was created by the Administrative Office of the U.S. Courts in 2006 to help identify qualified counsel for appointment in capital § 2255 cases. Counsel base this motion on information obtained from these sources, as well as upon personal knowledge.

capital post-conviction proceedings. His office is located in Sacramento, California. The IFCD is the federal public defender office closest to the federal death row in Terre Haute and houses a unit focused solely on capital § 2255 representation. Regarding its possible appearance in this case, a protocol established by the Administrative Office of the Courts ("AO") requires that notification of the potential appearance of a Federal Public Defender Office located outside the case's home district be provided to the Chief Judge of the Court of Appeals having appellate jurisdiction over that district. Pursuant to this protocol, Chief Judge Sidney R. Thomas of the Ninth Circuit has been notified of the potential appearance of the IFCD and has posed no objection to the appointment.

This legal team possesses the combined requisite experience and qualifications for appointment in a capital § 2255 case and, for reasons explained *infra*, would ensure that Mr. Kadamovas's prospective claims for relief are properly investigated and pled in a cost-effective manner. This request is time-sensitive because, as is explained below, Mr. Kadamovas's statute of limitations for filing a motion for relief under 28 U.S.C. § 2255 is likely to begin running in the very near future. Absent special circumstances, Mr. Kadamovas must raise and plead all available post-conviction claims within that year. Accordingly, current counsel for Mr. Kadamovas ask that he receive appointment of appropriately qualified counsel in an expeditious manner, to ensure that he can exercise his right

2

to comprehensive, meaningful post-conviction review of his conviction and death sentence.

In support of this request, undersigned counsel for Mr. Kadamovas state the following:

### Mr. Kadamovas Requires Timely Appointment of Counsel to Pursue Post-Conviction Relief Pursuant to 28 U.S.C. § 2255

1.      Mr. Kadamovas is an indigent federal prisoner sentenced to death pursuant to the judgment entered in this Court on March 13, 2007. *See United States v. Kadamovas*, No. 2:02-cr-00220-DT (C.D. Cal.) (Doc. 1641). His conviction and sentence were affirmed by the United States Court of Appeals for the Ninth Circuit on direct appeal, *United States v. Mikhel*, 889 F.3d 1003 (9th Cir. 2018), and his petition for certiorari is currently pending before the Supreme Court. *See Kadamovas v. United States*, No. 18-7489 (filed January 14, 2019). As the Government has now filed its opposition, the petition is set for the October 1, 2019 conference. Mr. Kadamovas has just one year in which to file a motion for relief under 28 U.S.C. § 2255 after the Supreme Court rules on the petition. *See id.* (providing that a "1-year period of limitation," running from the date the defendant's conviction became final on direct appeal, "shall apply to a motion

under this section"). Mr. Kadamovas remains financially unable to obtain counsel or other services and resources necessary to pursue § 2255 review.[2]

2.    It is common practice in capital § 2255 cases to have counsel in place when the statute of limitations begins to run.[3] This is because § 2255 is the only collateral proceeding to which the death-sentenced prisoner is entitled, and

---

[2] This Court previously found Mr. Kadamovas indigent for purposes of receiving legal representation at trial. He was indigent on appeal, and nothing about his financial circumstances has changed.

[3] *See, e.g., Taylor v. United States*, 138 S. Ct. 1975 (2018) (denying cert. May 14, 2018); *United States v. Taylor*, No. 1:04-CR-160-1 (E.D. Tenn. July 21, 2017) (appointing counsel conditional on denial of cert.); *Umana v. United States*, 135 S. Ct. 2856 (2015) (denying cert. June 22, 2015); *United States v. Umana*, No. 3:08-CR-00134 (W.D. NC June 3, 2015) (appointing counsel conditional on denial of cert.); *Lighty v. United States*, 132 S. Ct. 451 (2011) (denying cert. Oct. 17, 2011); *United States v. Lighty*, No. 8:03-cr-00457-PJM-1 (D. Md. May 17, 2011) (appointing counsel); *Snarr v. United States*, 134 S. Ct. 1274 (2014) (denying cert. Feb. 24, 2014); *United States v. Snarr*, No. 1:09-cr-00015-MAC-KFG-1 (E.D. Tex. Dec. 20, 2013) (R. Doc. 424) (appointing counsel); *Garcia v. United States*, 134 S. Ct. 1273 (2014) (denying cert. Feb. 24, 2014); *United States v. Garcia*, No. 1:09-cr-00015-MAC-KFG-2 (E.D. Tex. Dec. 20, 2013) (appointing counsel); *Caro v. United States*, 132 S. Ct. 996 (2012) (denying cert. Jan. 9, 2012); *United States v. Caro*, No. 1:06-cr-00001 (W.D. Va. May 11, 2011) (R. Doc. 768) (appointing counsel); *Ebron v. United States*, 134 S. Ct. 512 (2013) (denying cert. Nov. 3, 2013); *United States v. Ebron*, No. 1:08-cr-00036-MAC-ESH (E.D. Tex. March 12, 2013) (R. Doc. 309) (appointing counsel); *Basham v. United States*, 560 U.S. 938 (2010) (denying cert. June 1, 2010); *United States v. Basham*, No. 4:02-cr-0092-JFA (D.S.C. Sept. 18, 2009) (R. Doc. 1247) (appointing counsel conditional on denial of cert.); *Fell v. United States*, 559 U.S. 1031 (2010) (denying cert. March 22, 2010); *United States v. Fell*, No. 5:01-cr-00012-gwc-1 (D. Vt. Dec. 17, 2009) (appointing counsel) (R. Doc. 278); *Johnson v. United States*, 555 U.S. 828 (2008) (denying cert. Oct. 6, 2008); *United States v. Johnson*, No. 01-cr-3046-MWB (N.D. Iowa Aug. 11, 2008) (R. Doc. 749) (appointing counsel).

appointment of counsel at the earliest opportunity will ensure his right to "preapplication legal assistance" in investigating and preparing his post-conviction claims. *See McFarland v. Scott*, 512 U.S. 849, 855 (1994) (establishing a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings). As with the previously existing right to counsel under 18 U.S.C. § 848(q), the right to counsel under 18 U.S.C. § 3599 attaches prior to the filing of a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence. *See id.* at 855-56 (discussing § 3599's predecessor provision, Court notes that "quality legal representation is necessary in capital habeas corpus proceedings" and that an "attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial because [of] 'the complexity of our jurisprudence in this area'") (quoting *Murray v. Giarratano*, 492 U.S. 1, 14 (1989) (Kennedy, J., joined by O'Connor, J., concurring in the judgment)). Accordingly, the request to appoint counsel prior to the resolution of the writ of certiorari is being made now so as to provide Mr. Kadamovas with the full year in which to properly prepare his § 2255 motion prior to the statutory filing deadline.

**Proposed Counsel Is Qualified for Appointment to Mr. Kadamovas's Case**

3. Federal law provides for the appointment of "one or more attorneys" for an indigent inmate seeking relief from a federal capital conviction or death sentence in proceedings under 28 U.S.C. § 2255 or in any other capital post-

conviction proceedings, including clemency. 18 U.S.C. § 3599(a)(2). The appointment provision of § 3599 requires appointment of at least one counsel who has been admitted to practice in the court of appeals for not less than five years and who has not less than three years' experience in the handling of appeals in that court in felony cases. 18 U.S.C. § 3599(c). Alternatively, for good cause, this Court may appoint counsel "whose background, knowledge, or experience would otherwise enable him or her to properly represent the defendant, with due consideration to the seriousness of the possible penalty and to the unique and complex nature of the litigation." 18 U.S.C. § 3599(d). The Administrative Office of the U.S. Courts has indicated, "[J]udicial officers should consider appointing at least two counsel" in capital § 2255 proceedings "[d]ue to the complex, demanding and protracted nature of death penalty proceedings [.]" Guide to Judiciary Policy, Vol. 7, Pt. A, Ch. 6, §620.10.20 (available at https://www.uscourts.gov/sites/default/files/vol_07.pdf). Additionally, the statutory preference under § 3599(e) is that appointed counsel "shall represent the defendant throughout every subsequent stage of available judicial proceedings . . . including all available post-conviction process." 18 U.S.C. § 3599(e).

4.     In capital § 2255 proceedings, it is the regular practice to appoint at least two attorneys to represent the prisoner. The American Bar Association recommends that no fewer than two attorneys be appointed in all capital cases. *See*

American Bar Association, Guidelines for Appointment and Performance of Defense Counsel in Death Penalty Cases, Guideline 4.1. This is particularly important where, as in capital § 2255 proceedings, the labor-intensive tasks associated with developing the factual basis for potential claims for relief require substantial time to complete. Indeed, it should be noted that capital § 2255 proceedings differ widely from noncapital § 2255 motions, as capital § 2255 motions necessarily involve the additional burden of having to investigate and identify claims related to the penalty phase of the underlying criminal proceeding, a feature unique to capital cases. The American Bar Association has aptly described these demands on capital post-conviction counsel:

> [P]roviding high quality legal representation in collateral review proceedings in capital cases requires enormous amounts of time, energy, and knowledge . . . . [Post-conviction counsel] cannot rely on the previously compiled record but must conduct a thorough, independent [reinvestigation of the case and the client]. . . . Reinvestigating the case means examining the facts underlying the conviction and sentence, as well as such items as trial counsel's performance, judicial bias or prosecutorial misconduct. Reinvestigating the client means assembling a more-thorough biography of the client than was known at the time of trial, not only to discover mitigation that was not presented previously, but also to identify mental-health claims which potentially reach beyond sentencing issues to fundamental questions of competency and mental-state defenses.

American Bar Association, Guidelines for the Appointment and Performance of Defense Counsel in Death Penalty Cases (February 2003) ("ABA Guidelines"), Guideline 10.15.1 commentary.

5.     Pursuant to § 3599, undersigned counsel for Mr. Kadamovas seek appointment of Timothy J. Foley and the IFCD, Victoria Casanova appearing,[4] to represent him in his federal capital post-conviction proceedings.

6.     Timothy J. Foley has over thirty years of experience in the post-conviction representation of condemned inmates. He is a former Assistant Federal Defender with the Capital Habeas Unit of the Eastern District Federal Defender and was previously a staff attorney with the California Appellate Project. He has represented petitioners in capital cases in § 2254 litigation in the Eastern, Northern, and Central Districts of California as well as the Districts of Nevada and Arizona. He was counsel of record in such cases as *Williams v. Woodford*, 859 F.Supp.2d 1154 (E.D. Cal. 2012), *Chaffer v. Prosper*, 592 F.3d 1046 (9th Cir. 2010), *Clark v. Lewis*, 1 F.3d 814 (9th Cir. 1993), and *Adamson v. Lewis*, 955 F.2d 614 (9th Cir. 1992) (en banc). He also has extensive trial court experience, and was appointed as learned counsel pursuant to 18 U.S.C. § 3005 in a capitally-eligible federal criminal proceeding in Montana, *United States v. Benavides*, Montana District Court, No. 6-00062. Located in Sacramento, Mr. Foley is currently a part-time Senior Deputy with the Office of the State Public Defender and a Visiting Lecturer at U.C. Davis (King Hall) School of Law and maintains a private practice

---

[4] The custom is to appoint the Federal Defender office itself; if appointed, Ms. Casanova will handle the case and appear on Mr. Kadamovas's behalf.

8

representing capital defendants. He is a member of the State Bar of California and the State Bar of Nevada (inactive) and is admitted to practice before this Court, the other Federal Districts in California, the Districts of Arizona and Nevada, the Ninth Circuit, and the United States Supreme Court. His CV is attached to this motion as Exhibit 1.

7. Pursuant to 18 U.S.C. § 3599(a)(2), in an effort at reducing overall costs while providing effective representation, this motion seeks the appointment of the IFCD as co-counsel. The IFCD is willing and able to represent Mr. Kadamovas in the capital § 2255 proceedings at no cost to this Court. Expenses and fees for travel, record collection, or experts, if necessary, would also be paid by the IFCD.[5]

8. The IFCD houses the nation's only dedicated Capital § 2255 Unit. The Defender Services Committee of the Judicial Conference recently authorized the creation of IFCD's Capital § 2255 Unit as a response to the growing number of federal capital post-conviction cases and with the expectation that it would appear in such cases around the country. The IFCD's Capital § 2255 Unit is headed by

---

[5] The local Federal Public Defender in the Central District is not a viable option for appointment in this case because it represents one of Mr. Kadamovas's co-defendants, Iouri Mikhel, who is also under sentence of death. The undersigned has been authorized to represent that the Federal Defender is fully supportive of this motion for appointment.

Victoria Bailey Casanova. Ms. Casanova is a former Assistant Federal Defender with the Capital Habeas Unit of the Western District of Oklahoma. Prior to accepting her current position, Ms. Casanova was with the Marion County Public Defender Agency in Indianapolis as an appellate public defender and then Chief of the Appellate Division. As Chief of the Marion County Public Defender Agency's Appellate Division – Indiana's only full-time appellate public defender office – she supervised more than 30 attorneys and paralegals, managed the division budget, carried a full Major Felony direct appeal caseload, and trained trial and appellate public defenders on matters of criminal procedure and constitutional law. Under her supervision, the IFCD's Capital § 2255 Unit staff are now involved with litigating federal capital post-conviction cases both in and out of district. Her résumé is attached to this motion as Exhibit 2.

9. While capital § 2255 cases in general tend to be large and wide-ranging, Mr. Kadamovas's case has particularly complex needs and requires a team with relevant expertise and adequate staffing from the start. The record in the case is voluminous. The trial lasted 75 days and tens of thousands of documents (including recordings) were provided in discovery alone, many of which are in the Russian language. Because Mr. Kadamovas spent most of his life in Lithuania and the former Soviet Union, the capital § 2255 mitigation investigation will necessarily be international in scope and will require obtaining records from

10

foreign agencies, as well as locating and interviewing witnesses outside the country with relevant information about Mr. Kadamovas's background. Adequate translation services will also need to be secured. Absent any special circumstances, these and all other basic post-conviction tasks must be completed within the one-year statute of limitations.

10.     Appointment of the IFCD as co-counsel will help contain the costs associated with capital § 2255 litigation while providing Mr. Kadamovas with experienced and qualified post-conviction counsel. Undersigned counsel are informed that, because of their size and scope -- the trial having taken place in one jurisdiction, the client being housed in a different jurisdiction, and witnesses in disparate locations -- capital § 2255 cases tend to require considerably more resources and are considerably more expensive than capital § 2254 cases arising from state court convictions. Representation by federal defender organizations has proved cost-effective in capital § 2255 cases because of their in-house resources, staffing, and infrastructure, all of which facilitate the management and processing of voluminous records and the handling of multiple tasks within short periods of time. Moreover, the fact that any necessary investigators and experts would be paid out of the Defender's budget would greatly simplify the administrative burden on the Court as well as its budgeting process. Finally, while capital § 2255s as a rule

11

are far larger in scope than their § 2254 counterparts, the size of the record here, along with the extent of the investigative demands, will be greater than most.

11. Here, the IFCD's location in Indianapolis will also result in cost savings because it is less than an hour from the Special Confinement Unit at USP-Terre Haute, where Mr. Kadamovas is housed, and where office staff travel regularly to see other clients, including on federal death row. The IFCD's geographic proximity will thus allow it to more easily communicate and conduct legal visits with Mr. Kadamovas. This will ease the administrative burden and costs associated with travel authorization requests that would otherwise exist if Mr. Kadamovas's appointed counsel all resided in California and better facilitate communication between Mr. Kadamovas and counsel given the three-hour time difference between California and Indiana.

12. The experience of Mr. Foley and the IFCD with capital post-conviction and habeas corpus cases will ensure that Mr. Kadamovas's prospective claims for relief are properly and efficiently investigated and pled.

13. Appellate counsel have conferred with Mr. Kadamovas to discuss the appointment of the Indiana Federal Community Defenders and Mr. Foley for his representation in 28 U.S.C. § 2255 proceedings and have informed him of their intention to file this motion. His overriding concern, as it has been since before his trial, continues to be whether he will be able to have full, confidential access to his

12

digital case materials, including more than 80,000 pages of discovery, audio and video recordings, as well as the means to confidentially review the digital materials and discuss with his attorneys. Important parts of the discovery are in the Russian language. At this stage in the proceedings, Mr. Kadamovas's ability to work on his case and with the discovery in preparation for filing a § 2255 motion is imperative. The appointment of the IFCD and Mr. Foley will allow Mr. Kadamovas's concerns about confidential access to his case materials to be addressed.

14. Undersigned counsel have communicated with Assistant United States Attorney Ashley Aull. She stated that the government has no objection to this application.

WHEREFORE, pursuant to 18 U.S.C. § 3599, undersigned counsel for Mr. Kadamovas respectfully request that the Court appoint Timothy J. Foley and the Indiana Federal Community Defenders, Victoria Bailey Casanova appearing,[6] to represent him in seeking all available post-conviction remedies.

---

[6] Ms. Casanova is not a member of the Bar of this Court. Both undersigned and proposed counsel are aware of this Court's Local Rules regarding *pro hac vice* practice. However, as L.R. 83-2.1.3 addresses *pro hac vice* admission for retained counsel, rather than appointed counsel, if appointed, Ms. Casanova will seek to file an appearance pursuant to the Court's order of appointment. If the Court requires it, Ms. Casanova will apply to appear *pro hac vice*. Along with her application, Ms. Casanova intends to move for a waiver, if necessary, of L.R. 83-2.1.3.4 so that the IFCD might appear in this case *pro hac vice* as co-counsel. While Mr. Foley is a member of the bar of this Court, his office is in Sacramento. In light of the

13

Respectfully submitted,

Dated: July 16, 2019

*/s/ Benjamin L. Coleman*
Benjamin L. Coleman
Coleman & Balogh LLP
1350 Columbia Street
Suite 600
San Diego, CA 92101
(619) 794-0420 (o)
(619) 652-9964 (f)
blc@colemanbalogh.com

Barbara E. O'Connor
O'Connor and Kirby PC
70 Pine St.
Apt. 4801
New York, NY 10005
(802) 338-6528
barbara@kirbyoconnor

unique needs of this case, the cost-containment associated with appointing the IFCD, and the suitability of the proposed team, counsel hopes this Court will look favorably upon such a motion.

ATTACHMENT #2

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA

PLAINTIFF

v.

IOURI MIKHEL, AND
JULIUS KADAMOVAS

DEFENDANTS.

CASE NO.

CR 02-02-00220 SJO

2:20cv9591-MCS

FILED
CLERK, U.S. DISTRICT COURT

OCT 13 2020

CENTRAL DISTRICT OF CALIFORNIA
BY        DTA          DEPUTY

## MOTION TO PROCEED PRO SE
## ON 28 USC § 2255, MOTION
## FOR COLLATERAL RELIEF

THIS IS A PRO SE MOTION TO THE COURT FROM DEFENDAHNT JULIUS KADAMOVAS.

THE BASIS OF THIS MOTION IS TO ADDRESS TO THE COURT THAT KADAMOVAS HAVE IRRECONCILABLE DIFFERENCES WITH HIS ATTORNEYS, AND ATMOSPHERE OF MISTRUST, MISGIVINGS AND CONFLICTING INTERESTS, AS WELL TOTAL BREAKDOWN OF THE ATTORNEY - CLIENT RELATIONSHIP. HI DID NOT AUTHORIZE HIS ATTORNEY TO FILE ANYTHINK ON HIS BEHAVE INCLUDE THE EQUITABLE TOLLING OF THE STATUTE OF LIMITATION THROUGH APRIL 7, 2021 FOR FILE HIS

1.

28 U.S.C. §2255 MOTION AND WILL NOT AUTHORIZE TO FILE ANYTHING ON HIS BEHALF IN A FUTURE.

## THE EXTENT OF THE CONFLICT

WHERE A CRIMINAL DEFENDANT HAS, WITH LEGITIMATE REASON, COMPLETELY LOST TRUST IN HIS ATTORNEY, AND THE TRIAL COURT REFUSES TO REMOVE THE ATTORNEY, THE DEFENDANT IS CONSTRUCTIVELY DENIED COUNSEL. SEE ABELZO-GONZALEZ, 268 F.3d AT 779. THIS IS TRUE EVEN WHERE THE BREAKDOWN IS A RESULT OF THE DEFENDANT'S REFUSAL TO SPEAK TO COUNSEL, UNLESS THE DEFENDANT'S REFUSAL TO COOPERATE DEMONSTRATES "UNREASONABLE CONTUMACY." BROWN V. CRAVEN 424 F.2d 1166, 1169 (9TH CIR. 1970) SEE ALSO NGUYEN, 262 F.3d AT 1003-04 (QUOTING AND APPLYING BROWN).

HERE KADAMOVAS HAVE A SERIES OF LEGITIMATE REASONS TO REFUS TO SPEAK WITH HIS ATTORNEYS BECAUSE HE COMPLETELY LOST TRUST IN HIS ATTORNEYS. SEE KADAMOVAS V. WATSON APPELANT BRIEF TO U.S. COURT OF APPEALS FOR THE SEVENTH CIRCUIT NO 20-1889, APPEAL TAKEN FROM THE UNITED STATES DISTRICT COURT FOR SOUTHERN DISTRICT OF INDIANA, TERRE HAUTE DIVISION THE HONORABLE JAMES PATRICK HANLOT D.C No. 2:19-CV-00540 JPH-MJD. ALSO ATTACHMENT #1.

TO AVOID "CONFLICT OF INTEREST" I ASKING

2.

THIS COURT FOR EVIDENTIAL HEARING THROUGHOUT ON-LINE HEARING, OR ON THE PHONE, OR IN ANY WAY THAT THE COURT MAY DEEM. PRIVATELY I WILL BE ABLE TO PROVIDE MORE INFORMATION ABOUT WHY MISTRUST AND MISGIVINGS OCCURED.

## TRIAL COURT'S DUTY TO INQUIRE.

WHEN A TRIAL COURT IS INFORMED OF A CONFLICT BETWEEN TRIAL COUNSEL AND A DEFENDANT, "THE TRIAL COURT SHOULD QUESTION THE ATTORNEY OR DEFENDANT PRIVATELY AND IN DEPTH, AND EXAMINE AVAILABLE WITNESSES..." NGUYEN, 262 F.3D AT 1004 (QUOTING MOORE, 159 F.3D AT 1160 9TH CIR.). A CONFLICT INQUIRY IS ADEQUATE IF IT "EASES THE DEFENDANT'S DISSATISFACTION, DISTRUST AND CONCERN" AND "PROVIDES A SUFFICIENT BASIS FOR REACHING AN INFORMED DECISION." ABELZO - GONZALEZ, 268 F.3D AT 777 ( CITATIONS OMITTED). SEE ALSO UNITED STATES V. GONZALEZ, 113 F.3D 1026, 1029 (9TH CIR. 1997) "(FINDING THAT A DISTRICT COURT CREATED A CONFLICT OF INTEREST BY QUESTIONING THAT ATTORNEY AND DEFENDANT IN OPEN COURT ABOUT THEIR CONFLICT).

## PRO SE REPRESENTATION ON APPEAL

SEE MARTINEZ V. COA, 528 U.S. 152, 145 L.ED. 2D 597, 120 S CT. 684 (2000) PAGE 689. "WE ARE NOT AWARE OF ANY HISTORICAL CONSENSUS ESTABLISHING A RIGHT OF SELF REPRESENTATION ON APPEAL. WE MIGHT,

3.

NONETHELESS, PARAPHRASE _FERETTA_ AND ASSERT: No STATE OR COLONY EVER FORCED COUNSEL UPON A CONVICTED APPELLANT, AND NO SPOKESMAN EVER SUGGESTED THAT SUCH A PRACTICE WOULD BE TOLERABLE OR ADVISABLE. 422 U.S. AT 832, 95 S. CT. 2525."

IN _CHAMBERLAIN v. ERICKSEN_, 744 F. 2d 628 630 (8TH CIR. 1984) THE EIGHT CIRCUIT STATED: " WE HAVE NO DOUBT THAT A DEFENDANT IS NOT REQUIRED TO HAVE COUNSEL FORCED UPON HIM OR HER." SEE _PRICE_, 334 U.S. AT 280, 68 S. CT. AT 1057; _GARRISON v. LACEY_, 362 F. 2d 798, 799 (10TH CIR. 1966), CER. DENIED, 387 U.S. 911, 87 S. CT. 1696 18 L. ED 2d 630 (1967). THIS RULE IS TRUE NOT ONLY AT TRIAL BUT ON APPEAL. RECOGNITION OF THIS PRINCIPLE LENDS ITSELF TO THE RECOGNITION THAT ALL DEFENDANTS HAVE A BASIC RIGHT TO ADDRESS THE COURT WITH A PRO-SE BRIEF.

## CONCLUSION

THEREFORE KADAMOVAS ASKING THIS COURT TO: 1) ALLOW HIM TO REPRESENT PRO SE FOR HIS 28 U.S.C §2255 PROCEDURES.

2) APPOINTED STANDBY COUNSEL.

3) FOLLOWING ANY HEARINGS THAT THIS COURT DEEMS.

4.

DATED OCTOBER 6, 2020

RESPECTFULLY SUBMITED

JULIUS KADAMOUAS
#21050-112
U.S.P. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN 47808

## DECLARATION OF MAILING

THE UNDERSIGNED DOES ATTEST UNDER PAINS OF
PORGERY THAT HE DID MAIL THIS ORIGINAL "MOTION
TO PROCEED PRO SE ON 28 USC §2255 MOTION FOR
COLLATERAL RELIEF" ON OCTOBER 6, 2020 TO THE
U.S. DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA,
COURTHOUSE 255 EAST TEMPLE STREET, LOS AN-
GELES, CA 90012. VIA US MAIL SUFFICIENT FIRST
CLASS POSTAGE ATTACHED THERETO.

USPS TRACKING #   9114 9023 0722 4290 6080 18
& CUSTOMER      For Tracking or inquiries go to USPS.com
RECEIPT          or call 1-800-222-1811.

JULIUS KADAMOUAS

5.

ATTACHMENT # 1

DEAR JUDGE, YOUR HONOR:

THE MAIN ISSUES THAT I HAVE WITH ATTORNEYS APOINTED BY THIS COURT, IS THAT THEY ARE REFUSE TO FILE ISSUES THAT MATERS TO ME. THIS IS THE REASON WHY I FILE MY 2241 MOTION TO THE SOUTHERN DISTRICT OF INDIANA ON MY OWN BEHAVE, AND IF NECESSARY I WILL APPEALING IT UP TO THE UNITED NATIONS, AS I AM A LITHUANIAN CITIZEN.

ESSENTIALLY I HAVE THIS SAME ISSUES SINCE MY DIRECT APPEAL STARTED. SEE ATTACHED "MOTION TO PROCEED PRO SE" DUT ENTRY: 7003486 TO 9TH CIRCUIT FILED ON DEC. 24, 2009, (ATTACHED FOR COURT CONVINIANCE). MY TRIAL WAS UNFAIR FOR MANY REASONS, INCLUDE THAT I WAS NOT ALLOWED TO HAVE A MININGFUL ACCESS TO MY DISCOVERY MATERIALS. ON DIRECT APPEAL I WAS NOT ABLE TO PARTICIPATE BY THE FACT THAT I DID NOT HAVE MEANINGFUL ACCESS TO MY TRIAL TRANSCRIPTS WHICH IS SERIOUSLY AFFECTED THE FAIRNESS OF MY DIRECT APPEAL, AND NOW MY HABERS CORPUS APPEALS CAN NOT BE FAIR FOR AT LEAST FIVE (5) STRUCTURAL PROBLEMS OR OBSTRUCTED PROCEDURAL POSSIBILITY FOR SEEKING RELIEF UNDER 2255 MOTION. **PLEASE** SEE MY APPELANT BRIEF W/20-1889 TO THE 'SEVENTH CIRCUIT WHEN I HAVE DESCRIBE THIS ISSUES. SEE ALSO "NOTIFICATION OF INTENT TO WITHDRAW APPEALS" FILED TO THE NINTH CIRCUIT ON 04/17/2017

1.

ID: 10405272 Dkt. 339

INSTEAD HELP ME TO RESOLVE THIS FIVE ISSUES OF GOVERNMENTAL MISCONDUCT, MY ATTORNEY LOOKING FOR MITIGATION FACTOR IN THE PENALTY TRIAL AND ON A "SPECULATIVE FISHING EXPEDITION" FOR JURY MISCONDUCT. SEE DOC. #2375, ORDER DENYING DEFEN-DANTS MOTION FOR LIMITED DISCOVSURE OF JUROR NAMES". IT IS WASTE OF COURT TIME, RESOURCES AND TAX PAYERS MONEY.

I STRONGLY BELIEVE THAT NO INNOCENT MAN HAVE EVEN LOOK FOR MITIGATION FACTOR OF PENALTY TRIAL BECAUS NO MITIGATE FACTOR CAN EXIST OR NEEDED. ALSO, FILING ANY MITIGATE FACTOR IS AKIN TO ADMIT A GILT!

PLEASE, DO NOT FORCE ON ME UNWANTED ATTORNEYS! I SIMPLY CANNOT PARTICAPATE IN MY 2255 APPEALS AND WITHOUT MY MEANINGFUL PARTICAPATION APPEAL WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED, AND EXTREMELY PROLONGED. IT WILL BE UNFAIR, UNWISE, TO EXPENSIVE, AND WILL CREATE FUTER ISSUES. SEE SCHLUP V. DELO, 513 US. 324, 115 S. CT 851 (1995) P. 865. " CLAIMS OF ACTUAL INNOCENCE POSE LESS OF A THREAT TO SCARCE JUDICIAL RESOURCES AND TO PRINCIPLES OF FINALITY AND COMITY THAN DO CLAIMS THAT FOCUS SOLELY ON THE ERRONEOUS IMPOSITION OF THE DEATH PENALTY."

RESPECTFULLY SUBMITED.

2.

CA No. 07-99009
CR No. 02-220-DT

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

R E C E I V E D
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JUL 2 4 2009

FILED _____
DOCKETED _____
DATE          INITIAL

UNITED STATES OF AMERICA,
Plaintiff-Appellee,
v.
JURIJUS KADAMOVAS,
Defendant-Appellant

MOTION TO PROCEED PRO SE

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTAL DISTRICT OF CALIFORNIA

Honorable Dickran Tevrizian,
United States District Judge, Presiding

This is a pro se motion to the court, written by someone else on the behalf and with permission, and assistance of Jurijus Kadamovas. The basis of this motion is to address issues that directly effect my pending appeal, and could effect further appeals if left unheard by this court. I plead for the courts assistance in resolving the issues that will be mentioned.

1) The first issue that I'd like to bring to this courts attention, is my being denied "Access to the Courts", by Prison Officials here at FCC-Terre Haute, in the Special Confinement Unit. (SCU)

A) Because of my very limited ability to speak the English language, and my even more limited ability to read or write the English language, I've been unable to assist my attorneys on my case.

(1)

B) I've asked the prison to help me translate the books, and/or programs that the prison provides that would allow me to learn the law and properly help my attorneys on my case.

C) I can't read the basic legal materials; such as F.R.C.P., U.S. Supreme Court case law, District Court case law, and Appeals Court case law.

D) The prison has the LEXIS/NEXIS program set up on the law libary computer that provides all the legal thing that I need, but because its in English; I can't understand any of it.

2)

(2) I need attorneys who not only understand Russian, (my native language) but I'd like to replace the attorneys I have for some who not only read and speak Russian, but also attorneys who will take my case seriously.

A) I've stressed my innocence to my attorneys, but they have yet to take steps to investigate areas in my case that could effect my direct appeal.

B) My attorneys and I have a conflict of intrest on what strategy(s) we will use to fight my case.

(C) My attorneys haven't made every step to at least get me a copy of my trial transcripts or my F.B.I. 302's translated in Russian. (I also need my Grand Jury transcripts)

In no way can I properly present a direct appeal without me having the things mentioned in this motion.

I plead with the court to have a hearing or phone/video conference with an interpreter who can help me understand what's going on and whats being said. Due to the circumstances mentioned, I feel my only course of action is to file this motion with this court.

Dated: July 15th, 2009

Respectfully Submitted;

Jurijus Kadamovas
#21050-112

(2)

ATTACHMENT #3

No: _____

# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA

PLAINTIFF,

V.

IOURI MIKHEL AND JURIJUS KADAMOVAS

DEFENDANTS.

APPEAL TAKEN FROM THE UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA THE HONORABLE MARK C. SCARSI No. CR 02-00220-AP DEATH PENALTY CASE

MOTION TO REPLACE APPOINTED COUNSELS FOR PROCEEDINGS PURSUANT TO 28 U.S.C. § 2255

THE DEFENDANT JURIJUS KADAMOVAS PRO SE RESPECTFULLY ASKING THIS COURT TO REPLACE APPOINTED ATTORNEY TIMOTHY J. FOLEY AND INDIANA FEDERAL COMMUNITY DEFENDERS TEAM.

THIS CASE PRESENTS THE QUESTION WHETHER A CAPITAL DEFENDANT WILL BE ABLE TO PRESENT LEGALY SUFFICIENT 2255 PETITION WITHOUT HAVING A MEANINGFUL ACCES TO THE DISCOVERY MATERIALS, COURT TRANSCRIPTS AND OTHER DOCUMENTS NECESSARY TO CONDUCTING THE 2255 PETITION, AS WELL WHETHER THE ACTIONS OF THE BOP OFFICIALS AND PROSECUTORS WHO OPENING AND TAMPERING WITH CAPITAL DEFENDANTS ATTORNEY-CLIENT LEGAL MAIL COMMUNICATIONS OUTSIDE DEFENDANT'S PRESENT, DENYING DEFENDANTS RIGHTS TO FAIR APPEAL PROCEDURES.

## INTRODUCTION

FOLLOWING EX PARTE APPLICATION TO APPOINT CONSEL FOR PROCEEDINGS PURSUANT TO 28 USC 2255 ( SEE Doc #2327 FILED 07/16/19) PURSUANT TO 18 USC 3599, COUNSEL FOR FINANCIALLY UNABLE DEFENDANTS THE DISTRICT COURT GRANTED APPOINT OF THE INDIANA FEDERAL COMMUNITY DEFENDERS OFFICE AND ATTORNEY TIMOTHY J. FOLEY, ( FARTHER LEGAL TEAM) SEE Doc #2330 FILED 07/18/19.

THIS LEGAL TEAM DID NOT FULFILLED PROMISE IN EX PARTE APPLICATION Doc #2327 PAGE #12

2.

PAR. #13 " APPELLATE COUNSEL HAVE CONFERRED WITH MR. KADAMOVAS TO DISCUSS THE APPOINTMENT OF THE INDIANA FEDERAL COMMUNITY DEFENDERS AND MR. FOLEY FOR HIS REPRESENTATION IN 28 USC 2255 PROCEEDINGS AND HAVE INFORMED HIM OF THEIR INTENTION TO FILE THIS MOTION. HIS OVERRIDING CONCERN, AS IT HAS BEEN SINCE BEFORE HIS TRIAL, CONTINUES TO BE WHETHER HE WILL BE ABLE TO HAVE FULL, CONFIDENTIAL ACCESS TO HIS DIGITAL CASE MATERIALS, INCLUDING MORE THEN 80,000 PAGES OF DISCOVERY, AUDIO AND VIDEO RECORDINGS, AS WELL AS THE MEANS TO CONFIDENTIALLY REVIEW THE DIGITAL MATERIALS AND DISCUSS WITH HIS ATTORNEYS IMPORTANT PARTS OF THE DISCOVERY ARE IN THE RUSSIAN LANGUAGE. AT THIS STAGE IN THE PROCEEDINGS, MR. KADAMOVAS'S ABILITY TO WORK ON HIS CASE AND WITH THE DISCOVERY IN PREPARATION FOR FILING A 2255 MOTION IS IMPERATIVE. THE APPOINTMENT OF THE IFCD AND MR. FOLEY WILL ALLOW MR. KADAMOVAS'S CONCERNS ABOUT CONFIDE-NTIAL ACCESS TO HIS CASE MATERIALS TO BE ADDRESSED."

APPOINTED LEGAL TEAM FAILED TO ADDRESS MY CONCERNS TO COURT. THE BOP OFFICIALS KEEPED OPENING MY LEGAL MAIL OUTSIDE OF MY PRESENCE

3.

AND ON THIS DAY I STILL DO NOT HAVE A MEANINGFUL ACCESS TO MY LEGAL MATERIALS.

I HAVE IRRECONCILABLE DIFFERENCE WITH ALL LEGAL TEAM. ATMOSPHERE OF TOTAL MISTRUST, MIS-GIVINGS AND CONFLICTING INTERESTS IN WHAT, HOW AND WHEN TO FILE. WE HAVE A TOTAL BREAKDOWN OF THE ATTORNEY-CLIENT RELATIONSHIP AND COM-MUNICATIONS. THE FACT THAT THIS LEGAL TEAM REFUSE TO ADDRESS MY CONCERNS ABOUT CONFIDENTIAL ACCESS TO MY LEGAL MATERIALS AND OTHER ISSUES I HAVE TO FILED 2241 APPEAL IN TO THE INDIANA COURT PRO SE, IN DESPERATION AND FEAL THAT MY CONCE-RNS WILL NEVER BE ADDRESSED. SEE <u>KABAMOUAS U WATSON</u> 2:19-CV-00540-JPH-MJD US DISTRICT COURT SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION, NOW ON APPEAL FOR COURT OF APPEALS FOR THE SEVENTH CIRCUIT, CASE No: 20-1889.

BECAUSE THE ACTIONS AND AMISSIONS OF THIS LEGAL TEAM, THE BOP's OFFICIALS AND PROSECUTORS MY PROCEEDINGS UNDER SECTION 2255 WILL NOT AFFORD ME A REASONABLE OPPORTUNITY TO ADDRESS ALL OF MY ISSUES AND OBTAIN RELIABLE DETERMI-NATION. MY APPEAL FOR SECTION 2255 WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED AND EXT-REMELY PROLONGED AND THEREFORE UNFAIR. I NEED ATTORNEYS WHO WILL WORK IN MY

4.

BEST INTEREST AND WITH ME, BUT NOT IN THEIRS AND WITHOUT ME.

So, I FILED SEVERAL MOTIONS TO THE CENTRAL DISTRICT COURT, BUT THEY ARE ALL WAS REJECTED. SEE COURT RESPONSE ON MY MOTION TO PROCEED PRO SE ON 28 USC 2255 (DKT. No 2386) AND COURT RESPONSE ( DKT. No 2396 FILED 12/02/20) (("FOLLOWING THE APPOINTMENT OF COUNSEL, PETITIONER MAY PURSUE THIS MATTER AND COMMUNICATE WITH THE COURT ONLY THROUGH FILINGS BY COUNSEL") ANY FURTHER SUBMISSIONS SHALL BE REJECTED BY THE CLERK AND STRICKEN FROM THE FILE.

I DID ASK APPOINTED ATTORNEYS TO ADDRESS MY ISSUES WITH THE LEGAL MAIL, ACCESS TO LEGAL MATERIALS AND OTHER, BUT THEY ARE DID NOT FILE ANY MOTIONS ON THIS TOPICS. SEE ATTACHMENT # 1. MY LETTER TO MR. FOLEY DATED 14 DECEMBER 2020 WITH THE COPY OF PROPOSED MOTION WHICH LATER I SENT TO THE COURT PRO SE AND COURT REJECTED IT IN THE SAME MANNER BY STRICKEN FROM THE FILE. ON MAY 10, 2021 I HAVE SENT MOTION TO REPLACE APPOINTED COUNSELS FOR "PROCEEDINGS PURSUANT TO 28 USC 2255") AND THIS MOTION WAS REJECTED AND STRICKEN FROM THE FILE AS WELL, SEE ATTACHED AS ATTACHMENT #2

5,

AMONG THE OTHER CONCERNS THAT I HAVE,
IS THAT ALL MY MOTIONS, BUT ONE ( SEE
MOTION TO PROCEED PRO SE ON 28 USC 2255
DKT. NO 2386 FILED 10/13/20) DISTRICT COURT STRICKEN
FROM THE FILE AND I DON'T KNOW IF IN THE
DEATH PENALTY CASE IT IS ACTUALY A GOOD THING
THAT NO ONE EVEN WILL HAVE A CHANCE TO
SEE WHAT I TRY TO FILE IN PARTICULARLY IF
SOMTHING HAPPEN TO ME BEFORE I FILED OR
CONCLUDE MY APPEALS.

## CONCLUSION

    THEREFOR I ASKING THIS COURT TO:
1) REPLACE THE CURRENT LEGAL TEAM AND APPOINT
AN ATTORNEY TO WHOM I CAN TRUST AND WORK.
2) ALTERNATEVELY, ALLOW ME TO REPRESENT PRO SE
WITH APPOINTED STANDBY COUNSEL WHO WILL ASSIST.
3) ANY OTHER RELIEF THAT THIS COURT DEEMS
4) IF IT NECESSARY, TO FILE THIS MOTION IN MORE
PROPER FOR TO THIS COURT, APPOINT AN ATTORNEY
WHO WILL HELP ME TO FILE THIS MOTION TO
THIS COURT MORE PROPERLY, PERHAPS MANDAMUS?
    DATED JULY 4, 2021

               RESPECTFULLY SUBMITED

6.

Jurijus Kadamouas
#21050-112
USP Terre Haute
P.O. Box 33
Terre Haute, IN 47808


## Declaration of Mailing

The undersigned does attest under pains of porgery that he did mail this original "Motion to Replace Appointed Counsels for Proceedings Pursuant to 28 U.S.C. 2255 on 5 May 2021 to the Clerk, U.S. Court of Appeals for the Ninth Circuit P.O. Box 193939, San Francisco CA 94119-3939 Via U.S. Mail Sufficient First Class Postage Attached Thereto.

Jurijus Kadamouas

USPS TRACKING #
& CUSTOMER
RECEIPT

9114 9022 0078 9497 2475 79
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

7.

ATTACHMENT #1

TIMOTHY J. FOLEY
1017 "L" STREET
NUMBER 348
SACRAMENTO, CA 95814

JURIJUS KADAMOVAS
#21050-112
USP TERRE HAUTE
P.O. BOX 33
TERRE HAUTE IN 47808

14 DECEMBER 2020

USPS TRACKING # & CUSTOMER RECEIPT  9114 9023 0722 4290 6081 00
For Tracking or inquiries go to USPS.com or call 1-800-222-1811.

DEAR MR. FOLEY,

I HAVE RECEIVED COURT ORDER DOC. W2396 WHERE COURT AGAIN INFORM ME THAT "THE COURT WILL NOT ENTERTAIN ANY PRO SE FILINGS FROM PETITIONER WHEN HE IS REPRESENTED BY APPOINTED COUNSEL. FOLLOWING THE APPOINTMENT OF COUNSEL, PETITIONER MAY PURSUE THIS MATTER AND COMMUNICATE WITH THE COURT ONLY THROUGH FILINGS BY COUNSEL." ANY FURTHER SUBMISSIONS SHALL BE REJECTED BY THE CLERK AND STRICKEN FROM THE FILE.

SO..., BECAUSE WE HAVE IRRECONCILABLE DIFFERENCES AND I DO NOT TRUST THAT YOU WORKING IN MY BEST INTEREST I REFUSE TO WORK WITH YOU IN THE FUTER, BUT BECAUSE COURT WILL REJECT ALL FUTER PRO SE FILINGS I ASK YOU TO EXPLAIN TO ME:

FIRST, WHAT ARE MY OPTIONS IN PERSUE SELF REPRESENTATION IN 2255 APPEALS, HOW I CAN LEGALY GET YOU OUT OF MY CASE, AND FILE MOTIONS IN CASE TO GET MEANINGFUL ACCESS TO MY DISCOVERY MATERIAL COURT TRANSCRIPTS AND OTHER LEGAL DOCUMENTS. FOR STATE MY ACTUAL INNOCENCE CLAIM.

SECOND, SINCE YOU DID NOT PROVIDE TO THE COURT FULL AND CORRECT INFORMATION ABOUT OUR IRRECONCILI DIFFERENCES AND BREAKDOWN OF RELATIONSHIP, AND BECAUSE COURT WILL ACCEPT MOTIONS ONLY FROM ATTORNEY I REQUEST AND AUTHORISE TO FILE MOTION, AND EXPLAIN TO THE COURT:

A) THAT I HAVE RIGHT TO REPRESENT MYSELF BASED ON 28 U.S.C. § 1654. FOR CONTROLLING PRECEDENT SEE US LEN DAVIS, 629 FED. APPX. 613 (5TH CIR, 2015), AS YOU MAY KNOW THAT DAVIS IS NEXT DOOR INMATE IN THE SCU

1

B) HOBSON'S CHOICE As you know, THE BOP AND PROSECUTORS OFTEN OPENING MY LEGAL MAIL WITHOUT MY PRESENTS IN VIOLATION OF MY FIRST AND SIXTH AMENTS RIGHTS, THE LAST TIME IT WAS MAIL FROM YOU LEGAL ASSISTANT JUDITH NAZARA ON AUGUST 10, 2020. So, ON ONE HEANA I HAVE 18 USC § 3599 (A)(2) RIGHT TO ATTORNEY, BUT BECAUSE THE BOP AND PROSECUTOR INTERFIRI IN ATTORNEY CLIENT PROTECTED COMMUNICATIONS, I MUST GIVE UP MY FIRST AND SIXTH AMMENDMENT RIGHTS. ALSO, TO SAVE SOME PRIVAT ELEMENTS OF MY DEFENCE I MUST CHOOSE TO REPRESENT MY SELF BECAULE YOU AS MY ATTORNEY REFUSE DEFEND OF THIS SAME RIGHTS! SEE MILLER V SMITH, 99 F. 3D 120 ( 4TH CIR 1996)

C) I DO BELIVE THAT THIS ISSUE TO SERIOUS TO IGNC AS ALL 5 ISSUES THAT I FILE TO DISTRICT COURT IN INDI AND APPEALING NOW IN 4TH CIRCUIT PRO SE, BECAUSE VICTI CASANOVA AND YOU, REFUSE TO HELP ON ANY OF THE 5 ISSUES. YOU FAILED TO FILE TIMELY MOTION FOR DISCOVE IN CASE TO INVESTIGATE ISSUES WITH MY LEGAL MAIL AND TAKE A DEPOSITION! VICTORIA CASANOVA BRAG ABOUT HER SKILLS IN DEPOSITIONS AND WAS HAPPY TO FILE THIS MOTION FOR DISCOVERY, BUT THEN CHANGED HER MINA. THIS MOTION STILL MUST BE FILED IN CASE TO PROVE THAT THE BOP OFFICIALS COMPLICIT AND COORDINATED WITH PROSECUTORS LOS ANGECES!

D) I WISH YOU TO EXPLAIN TO THE COURT WHY YOU DECIDED NOT TO FILE ANY MOTIONS IN CASE TO GET ME ACCESS TO ALL LEGAL DOCUMMENTS IN MY CASE, DISCOVE COURT TRANSCRIPTS, AND OTHERS, AND HOW, OR WHAT IS YOUR VISION THAT I CAN MEANINGFULY, WITHOUT ALL OF IT, AND LAPTOP WITH TRANSCATION SOFTWARE, CAN PARTISA- PATE IN MY 2255 WITH YOU, OR WITHOUT YOU!?

I AUTHORISE AND REQURE YOU TO EXPLAIN A,B,C,D, TO THE COURT, OR EXPLAIN TO ME THE LEGAL WAY THAT I CAN DO IT ON MY OWN, OR FOR THE BEST, PLEASE! GET OUT OF MY CASE, AND I WILL DO IT MY SELF WITH STAND BY ATTORNEY. COPY OF PROPOSED MOTION ARE ENCLOSE.

SINCERELY

C.C. TO THE COURTS OF APPEAL.
LITHUANIAN EMBASSY.

JULIJUS CASANOVAS

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
PLAINTIFF,

v.

IOURI MIKHEL AND
JURIJUS KADAMOVAS
DEFENDANTS.

CASE No.

CR 02-00220-MCS

MOTION FOR RECONSIDERATION OF
DENYING KADAMOVAS MOTION TO PRO
SE ON 28 U.S.C. § 2255 MOTION FOR
COLLATERAL RELIEF (DKT. No. 2396)

KADAMOVAS SEEKING TO REPRESENT HIMSELF
BASED ON **28 U.S.C. § 1654** NOT ON DECISIONS
IN FERETTA v. CALIFORNIA OR MARTINEZ v. COURT OF
APPEAL OF CALIFORNIA, AS THIS COURT MISTAKENLY
ASSUMMED IN COURT ORDER DKT. No. 2396 FILED 12/
02/20.

28 USCS. § 1654 IS INTENDED TO PROVIDE
INDIVIDUALS WITH EQUAL ACCESS TO THE COURTS BY
PERMITTING INDIVIDUALS TO REPRESENT THEMSELVES.
SEE YSLETA DEL SUR PUEBLO v. STATE OF TEX., 36
F. 3D 1325, 1332 (5TH CIR. 1994) (EXPLAINING THAT

THIS COURT "SHOULD NOT REACH CONSTITUTIONAL ISSUES WHEN A CASE CAN BE RESOLVED ON OTHER GROUNDS").

## CONTROLLING PRECEDENTS

SEE UNITED STATES V. LEN DAVIS, 629 FED. APPX. 613 FILED ON OCTOBER 26, 2015 IN TO THE 5TH CIR. (DAVIS AND KADAMOUAS, BOTH IN THE SCU UNIT ON FEDERAL DEATH ROW).

DAVIS ARGUES THAT THE DISTRICT COURT DENIED HIM THE RIGHT TO REPRESENT HIMSELF IN VIOLATION OF 28 U.S.C. § 1654. SECTION 1654 PROVIDES AS FOLLOWS: "IN ALL COURTS OF THE UNITED STATES THE PARTIES MAY PLEAD AND CONDUCT THEIR OWN CASES PERSONALLY OR BY COUNSEL AS, BY THE RULES OF SUCH COURTS, RESPECTIVELY, ARE PERMITTED TO MANAGE AND CONDUCT CAUSES THEREIN." CITING § 1654, THE 5TH CIR. HAS NOTED THAT A "HABEAS PETITIONER DOES HAVE A STATUTORY RIGHT TO SELF REPRESENTATION." SCOTT V. WAINWRIGHT, 617 F.2D 99, 102 N.3 (5TH CIR. 1980) (28 U.S.C. § 2254 HABEAS CASE); SEE ALSO ANDERSON V. UNITED STATES, 948 F.2D 704, 705 N.3 (11TH CIR. 1991)

## HOBSON'S CHOICE

AS THIS COURT MEANINGLY EXPLAINED IN ITS

2.

ORDER DOU. No 2396, AND DOU No 2391 THAT; PERSUANT
TO 18 U.S.C. § 3599 (A)(2), AN INDIGENT CAPITAL HAB-
EAS PETITIONER HAS THE RIGHT TO COUNSEL. BUT
BECAUSE THE BOP OFFICIALS AND PROSECUTORS
INTERFERING WITH MY ATTORNEY-CLIENT PROTECTED
COMMUNICATIONS AND CONFIDENTIALITY BY OPENING
MY LEGAL MAIL, BEFORE MY TRIAL STARTED, DURING
MY TRIAL, AND AFTER THE TRIAL. SEE KADAMOVAS
V. WATSON No. 2;19-cv-00540-JPH-MJD FILED TO
US DISTRICT COURT FOR THE SOUTHERN DISTRICT OF
INDIANA, TERRE HAUTE DIVISION PRO SE, BECAUSE
APPOINTED BY THIS COURT ATTORNEY REFUSE TO RAISE
THIS ISSUES TO THE US DISTRICT COURT CENTRAL
DISTRICT OF CALIFORNIA. KADAMOVAS MUST CHOOSE:

A) TO HAVE AN ATTORNEY PERSUANT TO 18 USC
   § 3599 (A) (2), BUT GIVE UP HIS ATTORNEY-
   CLIENT PROTECTED COMMUNICATIONS. OR,
B) TO REPRESENT HIMSELF, IN CASE TO PRESERVE
   OF WHAT REMAINS OF THE CONFIDENTIALITY,
   IN CASE THAT IT MAY BE POSSIBLE TO
   FILE HIS ACTUAL INNOCENT CLAME.

THE LAST TIME THAT THE BOP OFFICIALS OPENED
MY LEGAL MAIL, FROM LEGAL REPRESENTATIVE OF
ATTORNEY TIM FOLEY WAS ON AUGUST 10, 2020. SEE
ATTACHED ADMINISTRATIVE REMEDY ID # 1043358 AS
EXHIBIT # 1. SEE ALSO, REPLY TO GOVERNMENT'S

3.

RESPONSE's TO MAY 8, 2017 ORDER FROM 9TH CIRCUIT CASE: OF-99009, 05/25/2017 Dut ENTRY: 348 P.2.

"Second, Mr. KADAMOUAS NOTES THAT, ALTHOUGH THE "SPECIAL MAIL" PACKAGE CONTAINING THE HARD DRIVE OF MATERIALS SENT TO HIM BY COUNSEL WAS OPENED IN HIS PRESENCE, THE GOVERNMENT's RESPONSE INDICATES THAT IT WAS INSPECTED OUTSIDE HIS PRESENCE (AFTER IT HAD BEEN HELD BY THE BOP FOR SEVERAL DAYS (ACTUALY 8 DAYS)). ON JUNE 14, 2017 THE NINTH CIRCUIT ISSUED AN ORDER WHICH REQUIRED GOVERNMENT COUNSEL THE U.S. ATTORNEY, TO REMIND PRISON OFFICIALS AT USP-TERRE HAUTE TO OPEN PROPERTY DESIGNATED " SPECIAL MAIL" SENT TO KADAMOUAS BY HIS COUNSEL IN HIS PRESENCE, SEE COURT ORDER No OF-99009 Dou. ENTRY: 184 P.2. BUT THE PROSECUTORS AND THE BOP OFFICIALS DISREGARDED THE COURT'S ORDER AND THE SECOND HARD DRIVE (WITH A ONE TERABYTE CAPACITY) SENT BY MY ATTORNEYS CONTAINED ALL THE ATTORNEY FILES FROM ONE OF MY TRIAL ATTORNEYS, INCLUDING OUR COMMUNICATIONS, MY REQUESTS FOR INVESTIGATION, FINANCIAL CHARTS, AND MY WORK ON GOVERNMENT EXHIBITS INCLUDING TELEPHONE RECORDS AND OTHER HUNDREDS OF FILES THAT BREAK DOWN IN CATEGORIES, AND THE FOLDERS WITH CONTAIN MANY OR THOUSANDS DOCUMENTS, IF PRINTED

4.

OUT AND MAILED SEPARETELY IT CAN BE A MANY BOXES OF LEGAL MAIL, WAS OPENED NOT IN MY PRESENT AND ONLY AFTER 12 DAYS LATER, I WAS ALLOWED TO HAVE MY MAIL.

## LEGAL PRINCIPALS AND AUTHORITY

COURTS HAVE ANALYZED CLAIMS REGARDING THE CONFIDENTIALITY OF ATTORNEY-INMATE COMMUNICATIONS UNDER VARIOUS CONSTITUTIONAL PRINCIPALS, INCLUDING THE FIRST AMENDMENT RIGHT TO FREEDOM OF SPEECH AND THE FOURTEEN AMENDMENT RIGHTS TO DUE PROCESS AND ACCESS TO THE COURTS, OR SOME COMBINATION OF THESE RIGHTS.

AN INMATE WHO ALLEGES HIS LEGAL MAIL HAS BEEN UNLAWFULLY OPENED IS NOT REQUIRED TO SHOW ANY ACTUAL INJURY BEYOND THE FREE SPEECH VIOLATION ITSELF TO STATE A CONSTITUTIONAL CLAIM. (EVEN SO I CAN SHOW AN ACTUAL INJURY)

A PLAINTIF NEED NOT ALLEGE A LONGSTANDING PRACTICE OF VIOLATING HIS FIRST AMENDMENT RIGHTS IN ORDER TO STATE A CLAIM FOR RELIEF ON A DIRECT LIABILITY THEORY. (EVEN SO I CAN PROVE LONGSTANDING PRACTICE OF VIOLATING MY FIRST AMENDMENT)

SEE: HAYES v. IDAHO CORECTIONAL CENTER 849 F.3d 1204 (9TH CIR. 2017); NORDSTROM v. RYAN,

5

856 F. 3d 1269 (9TH Cir. 2017); MANGIARACINA v.

PENZONE, 849 F. 3d 1191 (9TH Cir. 2017); THE

ELEVENTH CIRCUIT HAS OBSERVED THAT, "... GIVEN THEIR

INCARCERATION AND OFTEN DISTANCE FROM THEIR ATTORNEYS,

PRISONERS USE OF THE MAIL TO COMMUNICATE WITH THEIR

ATTORNEYS ABOUT THEIR CRIMINAL CASES MAY FREQUENTLY

BE A MORE IMPORTANT FREE SPEECH RIGHT THAN THE

USE OF THEIR TONGUES." AL-AMIN v. SMITH, 511 F.3d

1317, 1333-34 (11TH Cir. 2008)

## LEGAL PRINCIPALS AND AUTHORITY
## FOR HOBSON'S CHOICE

FORCING A CRIMINAL DEFENDANT TO SURRENDER

ONE CONSTITUTIONAL RIGHT "IN ORDER TO ASSERT

ANOTHER" IS INTOLERABCE." SIMMONS v. UNITED STATES,

390 US 377, 394 (1968) SEE ALSO LEFKOWITZ v.

CUNNINGHAM, 431 US 801, 807-08 (1977) (FINDING

STATE STATUTE IMPERMISSIBLY COERCIVE, IN PART BECAUSE

IT FORCES FORFEITURE OF ONE CONSTITUTIONAL RIGHT

AS THE PRICE FOR EXERCISING ANOTHER); UNITED

STATES v. RYAN, 810 F.2d 650, 656 (7TH Cir. 1987)

(RECOGNIZING THAT GOVERNMENT IS PRECLUDED

FROM "COERCING THE WAIVER OF A CONSTITUTIONAL

RIGHT EITHER BY CONDITIONING THE EXERCISE OF

ONE CONSTITUTIONAL RIGHT ON THE WAIVER OF

6.

OTHER, ... OR BY ATTACKING CONDITIONS THAT PENALICE THE EXERCISE OF A CONSTITUTIONAL RIGHT"). SEE ALSO MILLER V. SMITH, 99 F. 3D 120 (4TH CIR 1996) (WE PREVIOUSLY HAVE FOUND IT IMPERMISSIBLE TO COMPEL A CIVIL LITIGANT TO FOREGO SOME CONSTITUTIONAL RIGHTS IN ORDER TO ASSERT OTHERS. SEE TAMAL- MINOGUE V STATE FARM MOT. AUTO INS. Co., 770 F. 2D 1228, 1232 (4TH CIR 1985) WE BELIEVE IT EVEN MORE EGREGIOUS TO SUBJECT A CRIMINAL DEFENDANT TO SUCH A CHOICE, A DEFENDANT IN A CRIMINAL PROCEEDING IS ENTITLED TO CERTAIN RIGHTS AND PROTECTIONS WHICH DERIVE FROM A VARIETY OF SOURCES. HE IS ENTITLED TO ALL OF THEM; HE CANNOT BE FORCED TO BARTER ONE FOR ANOTHER. WHEN THE EXERCISE OF ONE RIGHT IS MADE CONTINGENT UPON THE FORBEARANCE OF ANOTHER, BOTH RIGHTS ARE CORRUPTED. UNITED STATES EX REL. WILCOX V. JOHNSON, 555 F.2D 115, 120 (3D CIR. 1977).).

# INTERNATIONAL LEGAL PRINCIPALS
## AND AUTHORITY

SEE UNITED NATIONS (CCPR/C/GC/36) INTERNATIONAL COVENANT ON CIVIL AND POLITICAL RIGHTS, HUMAN RIGHTS COMMITTEE, GENERAL COMMENT

7.

N. 36, ARTICLE 6: RIGHT TO LIFE, PARAGRAPH 41.

"VIOLATION OF THE FAIR TRIAL GUARANTEES PROVIDED FOR IN ARTICLE 14 OF THE COVENANT IN PROCEEDINGS RESULTING IN THE IMPOSITION OF THE DEATH PENALTY WOULD RENDER THE SENTENCE ARBITRARY IN NATURE, AND IN VIOLATION OF ARTICLE 6 OF THE COVENANT. SUCH VIOLATIONS MIGHT INVOLVE ... LACK OF EFFECTIVE REPRESENTATION INVOLVING CONFIDENTIAL ATTORNEY-CLIENT MEETINGS DURING ALL STAGES OF THE CRIMINAL PROCEEDINGS, INCLUDING ... TRIAL AND APPEAL; ... LACK OF AN EFFECTIVE RIGHT OF APPEAL ... INCLUDING THE INABILITY TO ACCESS LEGAL DOCUMENTS ESSENTIAL FOR CONDUCTING THE LEGAL DEFENCE OR APPEAL, ... LACK OF SUITABLE INTERPRETATION ... EXCESSIVE AND UNJUSTIFIED DELAYS IN THE TRIAL OR THE APPEAL PROCESS, AND GENERAL LACK OF FAIRNESS OF THE CRIMINAL PROCESS.

## ATTORNEYS APPOINTED BY THIS COURT

THEY ARE MISERABLY FAILED TO EXPLAIN IN THEIRS CONFIDENTIAL RESPONSE TO MOTION TO "PRO SE" (FILED UNDER SEAL) ON 11/20/2020 TO THIS COURT THE LEGAL PRINCIPLES AND MY RIGHTS TO PRESENT PRO SE UNDER 28 USC § 1654 AND HOBSON'S CHOICE THAT I BE FACED WITH. THEY

8.

ARE MISERABLY FAILED TO DEFEND MY FIRST AND SIXTH AMENDMENT RIGHTS FOR ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS. THEY ARE MISERABLY FAILED TO FILE TO THIS COURT A MOTION FOR DISCOVERY ON THE ISSUES OF OPENING MY LEGAL MAIL OUTSIDE OF MY PRESENT, AND AS A RESULT FAIL TO COMMIT TIMELY INVESTIGATION AND TRUE DEPOSITIONS FROM THOSE WHO KEEP ON VIOLATE MY RIGHTS TO PRIVILEGED COMMUNICATIONS. THEY ARE MISERABLY FAILED TO GET ME MEANINGFUL (TRANSLATED IN TO THE LANGUAGE I CAN UNDERSTAND BEST) ACCES TO MY DISCOVERY MATERIALS, TRIAL TRANSCRIPTS AND OTHER LEGAL DOCUMENTS NECESSARY FOR ME TO WORK WITH THEM ON MY APPEALS. WITHOUT THIS DOCUMENTS I SIMPLY CAN NOT PARTICIPATE IN MY APPEALS AND WITHOUT MY PARTICIPATION AND KNOWLEDGE OF THE CASE THE 2255 APPEALS WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED, AND EXTREMELY PROLONGET. MY DIRECT APPEAL ATTORNEY WAS ALLOWED TO WORK 13 YEARS! THEY ARE BEAT ALL RECORDS IN THE WORLD, FOR ONE PART OF MY APPEALS, AND THIS ONES, ALREADY ASKING, AND GET IT MORE TIME FOR FILING MY 2255 MOTION, WITH I WILL NOT BE ABLE TO AUTHORISE FOR ABOVE MANTIONET REASONS, AND IT WILL CREATE A FUTER ISSUES. SEE, WILLIAMS V. LOCKHART,

9.

862 F. 2d 155 (8TH $C_{IR}$ 1988) (WE AGREE WITH WILLIAMS THAT IT WOULD BE UNFAIR TO DISMISS HIS "NEW" CLAIMS BECAUSE THEY WERE NOT INCLUDED IN THE PRIOR HABERS PETITION IF THE PREVIOUS PETITION WAS FILED AND LITI- GATED WITHOUT HIS KNOWLEDGE, PARTICIPATION, OR AUTH- ORIZATION.) SEE ALSO DEUTSHER V. ANGELONE, 16 F. 3d 981 (9TH $C_{IR}$. 1994).

## ON THE HORNS OF A DILEMMA

I WOULD ASK THIS COURT FOR SUBSTITUTION OF INEFFECTIVE ATTORNEYS, BUT THE BOP AND PROSECUTORS THEY ARE VIOLATING MY ATTORNEY- CLIENT PRIVILEGED COMMUNICATIONS RIGHTS, WITHOUT DISCRIMINATION FOR PARTICULAR ATTORNEY, AND I DO BELIVE THAT NO MATHER WHO WILL BE APPO- INTED AS MY ATTORNEY, THEY STILL WILL BE INTER- FERE IN MY COMMUNICATIONS. BESIDES, THE FUN- DAMENTAL DAMAGE BY THE BOP OFFICIALS IS ALREADY DONE, AND I WILL SEEKING RELIEF FOR VIOLATION OF MY FIRST, SIXTH AND FIFTH AMENDMENT RIGHTS, AS WELL VIOLATIONS OF OTHER FUNDAMENTALS LIKE DUE PROCCES AND ACCESS TO THE COURT RIGHTS.

AS THIS COURT MENTIONED: " THUS, BECAUSE KADAMOVAS IS REPRESENTED BY COUNSEL, ALL COMMUNI-

10.

CATIONS TO THE COURT SHALL BE PRESENTED THROUGH HIS ATTORNEY OF RECORD." I WILL SEND THIS MOTION TO ATTORNEYS AND ASK THEM TO FILE ON MY BEHALF, BUT I HAVE A DOUBTS THAT IT WILL BE HAPPEN.

## CONCLUSION

THEREFORE KARAMOUAS ASKING THIS COURT TO:
1) ALLOW HIM TO REPRESENT PRO SE FOR HIS 28 USC. §2255 PROCEDURES.
2) APPOINTED STANDBY COUNSEL, WHO WILL ASSIST.
3) FOLLOWING ANY HEARINGS THAT THIS COURT DEEMS.

DATED DECEMBER 14, 2020

RESPECTFULLY SUBMITTED

JURIJUS KARAMOUAS
#21050-112
USP. TERRE HAUTE
P.O. BOX 33
TERRE HAUTE, IN 47808

11,

EXHIBIT #2

U.S. Department of Justice

**Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-
ments must be submitted with this appeal.

From: **KADAMOVAS JURIJUS**   **21050-112**   **SCU**   **TERRE HAUTE**
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

Part A - REASON FOR APPEAL  MY LEGAL MAIL OFTEN HAS BEEN OPENED
NOT IN MY PRESENT, AND I DO NOT BELIVE IT HAPENING
BY MISTAKE BECAUSE ENVELOPE STAMPED THAT "THIS MAIL DOE
NOT QUALIFY AS SPECIAL/LEGAL MAIL ..." DESPITE PROPERLY
MARKED AS "SPECIAL MAIL" ON FRONT OF THE ENVELOPE (SEE
ATTACHMENT).
RESOLUTION: STOP OPENING MY LEGAL MAIL WITHOUT MY
PRESENT.

3 NOV. 2020
DATE

SIGNATURE OF REQUESTER

Part B - RESPONSE

_____
DATE

ORIGINAL: RETURN TO INMATE

GENERAL COUNSEL

CASE NUMBER: _____

Part C - RECEIPT

CASE NUMBER: _____

U.S. Department of Justice
Federal Bureau of Prisons
North Central Regional Office

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**    1043358-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 28, 2020, in which you allege on August 10, 2020, your legal mail was not opened in your presence.   For relief, you request for your legal mail to stop being opened without you present.

We have reviewed your appeal and the Warden's response dated September 11, 2020.   Program Statement 5265.14, <u>Correspondence</u>, stipulates, "The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail.   The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail — Open only in the presence of the inmate'."   As the Warden's response indicates, the mail in question was opened in error, as it did in fact qualify as legal mail per policy.   The Warden's response also indicates that the matter has been identified and addressed.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

_10/14/20_
Date

_____
J. E. Krueger, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: KARANOVAS JURIJUS                    21050-112        SCU        TERRE HAUTS
     LAST NAME, FIRST, MIDDLE INITIAL            REG. NO.        UNIT        INSTITUTION

**Part A - REASON FOR APPEAL** MY LEGAL MAIL OFTEN HAS BEEN OPENED NOT IN MY PRESENT. ON AUGUST 10, 2020 MY LEGAL MAIL PROPERLY MARKED WAS OPENED NOT IN MY PRESENT AGAIN.

RESOLUTION: STOP OPENING MY LEGAL MAIL WITHOUT MY PRESENT

27 Sep 2020
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____                                              _____
DATE                                                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL - RETURN TO INMATE                          CASE NUMBER: _____

Remedy No.: 1043358-F1

FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 27, 2020, in which you allege your legal mail was not processed appropriately. For relief, you request your legal mail be opened in your presence.

A review of your request reveals the example you provided was processed as legal mail. It is clearly marked with the special/legal mail stamp and was processed appropriately. The example you provided with your BP-8 was opened in error. The issue has been identified and corrected as stated in the BP-8 response.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.

9/11/20
Date

T. J. Watson, Complex Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: KADAMOVAS JURIJUS    21050-112    SCU    TERRE HAUTE
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A– INMATE REQUEST   As you May know, My Legal Mail often
has been opened not in my present as policy
require. On August 10, 202 my legal Mail properly
Marked was again opened not in my present, see
Attachments. To BP-8.
Resolution! Stop opening my legal Mail without
my present.

24 August 2020
DATE

SIGNATURE OF REQUESTER

Part B– RESPONSE

**RECEIVED**
AUG 27 2020
Administrative Remedy Clerk
FCC Terre Haute, IN

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE    CASE NUMBER: 1043358F1

CASE NUMBER

Attachment A

## FCC Terre Haute
## BP-8 - Informal Resolution

858

| NAME | NUMBER | UNIT |
|---|---|---|
| Kadamovas | 21050-112 | SCU |

**Notice to Inmate:** Be advised, ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you should attempt to informally resolve your complaint through your Correctional Counselor. Please refer to P.S. 1330.18, Administrative Remedy Program and the FCC Terre Haute Institutional Supplement thereto (both available via the Law Library).

1. Briefly state inmate's complaint (One complaint/issue per Form): ON AUGUST 10, 2020 MY LEGAL MAIL WAS OPENED WITHOUT ME BE PRESENT, SEE DETAILS IN COP OUT, AND ATTACHMENTS.

2. Requested Resolution: STOP OPENING MY LEGAL MAIL WITHOUT MY PRESENTS.

| Inmate Signature: | | |
|---|---|---|
| Staff Printed Name/Signature/Date | | AUG 1 9 2020 |
| Dept. Assigned for Response: | Corr. Sys | Due Date: 8-26-2020 |

3. Staff Response: Your Mail Was Opened In Error. This Issue Has Been Addressed And Will Not Be A Problem moving Forward.

Section 4: ☐ Informally Resolved/Complaint Withdrawn    ☐ No Informal Resolution/Progress to BP-9

P. Laviollette Sess                              8/21/2020

Inmate's Signature              Staff Printed Name/Signature              Date

Cop Out

11 August, 2020

FROM: J. KADAMOVAS
#41050-112
B # 405

TO: MR. SUTTON OR MR. SHEPHERD.

ON AUGUST 10, 2020 I HAVE RECEIVED
LEGAL MAIL FROM JUDITH MAZARA LEGAL
REPRESENTATIVE OF ATTORNEY TIM FOLEY BY
REGULAR MAIL. ALL PRIVIOUS LEGAL MAIL FROM
JUDITH MAZARA I WAS RECEIVED WITH THE
LEGAL MAIL PROCEDURES, WITH IS WAS OPENED
IN MY PRESENT. SEE TWO EXHIBITS ATTACHED.
I WOULD LIKE TO KNOW WHY MY LEGAL
MAIL AT THIS TIME WAS NOT OPENED IN
MY PRESENCE.

THANK YOU FOR YOUR CONCERN.

P.S. THE LEGAL CALL WAS ARANGED BY
JUDITH MAZARA ON AUG 19 2020 AT 8:00AM
BUT HER MAIL WAS TREATED AS REGULAR?

8/12/20.

BKL, INC.
309 Charles Street, 3rd floor
Baltimore, MD 21201

From: Judith Mazdra,
Legal representative of
Attorney Tim Foley
Attorney/Client Mail

THIS MAIL DOES NOT QUALIFY
AS SPECIAL/LEGAL MAIL AS
DEFINED BY BOP PS 5265
CORRESPONDENCE

Mr. Jurijus Kadamovas, #21050-112
U.S. Penitentiary SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

X

SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE
ENTITLED TO INVOKE PROTECTION OF SPECIAL MAIL, 28 C.F.R

Case: 20-1889    Document: 17    Filed: 07/26/2021    Pages: 81

FCC-TERRE HAUTE
SPECIAL/LEGAL MAIL  2020 JUL 16  AM 10: 00

DATE/TIME RCVD FROM POST OFFICE  _7.16.20_

DATE/TIME RCVD FROM MAIL ROOM  _7/6-20 1100_

RECEIVED BY

DATE/TIME DELIVERED  _7/16/20_

DELIVERED BY

azdra

...les St. 3rd floor
...MD 21201

...uth Mazdra, legal
...tive of Attorney

Client Mail

BALTIMORE
MD 212
13 JUL '20
PM 5 L

**$0.50**
US POSTAGE
FIRST-CLASS
062S0009977006
21201

Mr. Jurijus Kadamovas, #21050-112
U.S. Penitentiary SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

X02 - 407

MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE - PERSON
ED TO INVOKE PROTECTION OF SPECIAL MAIL, 28 C.F.R. §540.18

47808-003333

Case: 20-1889  Document: 17  Filed: 07/26/2021  Pages: 81

— Kadamova

FCC-TERRE HAUTE
SPECIAL/LEGAL MAIL

DATE MAILED FROM POST OFFICE 7-21-2020 10:00AM
DATE MAILED RCVD FROM MAIL ROOM 7 21-20 1120
PROCESSED BY
DELIVERED TO INMATE 7 21-20 1350

SAN FRANCISCO CA 940

08 JUL 2020 PM 5 L

Timothy J. Foley
Attorney at Law
1017 "L" Street
Number 348
Sacramento, CA 95814

**From Attorney Foley**
**Attorney/Client Mail**

X02-4072

Jurijus Kadamovas, #21050-112
Terre Haute US Penitentiary - SCU - FCC
P.O. Box 33
Terre Haute IN 47808

SPECIAL MAIL - OPEN ONLY IN THE PRESENCE OF THE INMATE
PERSON ENTITLED TO INVOKE PROTECTION OF SPECIAL MAIL
28 C.F.R § 540.18

Case: 20-1889     Document: 17     Filed: 07/26/2021     Pages: 81

FCC-TERRE HAUTE
SPECIAL/LEGAL MAIL

2020 JUN 18 AM 10:00

DATE/TIME RCVD FROM POST OFFICE _____

DATE/TIME RCVD FROM MAIL ROOM ___6-18-20____1115___

RECEIVED BY _____

DATE/TIME DELIVERED ___6-18-20___

DELIVERED BY _____

Mazdra

Charles St., 3rd floor

e, MD 21201

BALTIMORE
MD 212
15 JUN '20
PM 8 L

$0.50
US POSTAGE
FIRST-CLASS
062S0009977006
21201

with Mazdra,
esentative of
Victoria Bailey

 client Mail

Mr. Jurijus Kadamovas, #21050-112
U.S. Penitentiary SCU-FCC    02-407
P.O. Box 33
Terre Haute, IN 47808

MAIL- OPEN ONLY IN THE PRESENCE OF THE INMATE - PERSON
ED TO INVOKE PROTECTION OF SPECIAL MAIL, 28 C.F.R. §540.18

47808-003933

ATTACHMENT #2

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
PLAINTIFF

V.

IOURI MIKHEL, AND
JURIJUS KADAMOVAS

DEFENDANTS.

CASE NO.

CR 02-02-00220 SJO

## MOTION TO REPLACE APPOINTED COUNSELS FOR PROCEEDINGS PURSUANT TO 28 USC § 2255

THE DEFENDANT JURIJUS KADAMOVAS PRO SE RESPECTFULLY ASKING THIS COURT TO REPLACE APPOINTED ATTORNEY TIMOTHY J. FOLEY AND INDIANA FEDERAL COMMUNITY DEFENDERS TEAM.

## MEMORANDUM OF POINTS AND AUTHORITIES
### INTRODUCTION

FOLLOWING EX PARTE APPLICATION TO APPOINT CONSEL FOR PROCEEDINGS PURSUANT TO 28 USC 2255 (SEE DOU. # 2327 FILED 07/16/19) PURSUANT TO 18 USC 3599, COUNSEL FOR FINANCIALLY UNABLE DEFENDANTS

THIS COURT GRANTED APPOINTMENT OF THE INDIANA FEDERAL COMMUNITY DEFENDERS OFFICE AND ATTORNEY TIMOTHY J. FOLEY. (FARTHER LEGAL TEAM) SEE DOC# 2330 FILED 04/18/19)

## POINT No 1

THIS LEGAL TEAM DID NOT FULFILLED PROMISE IN EX PARTE APPLICATION DOC# 2327 PAGE#12, PAR.#13 " APPELLATE COUNSEL HAVE CONFERRED WITH MR. KABAMOVAS TO DISCUSS THE APPOINTMENT OF THE INDIANA FEDERAL COMMUNITY DEFENDERS AND MR. FOLEY FOR HIS REPRESENTATION IN 28 USC 2255 PROCEEDINGS AND HAVE INFORMED HIM OF THEIR INTENTION TO FILE THIS MOTION. HIS OVERRIDING CONCERN, AS IT HAS BEEN SINCE BEFOR HIS TRIAL, CONTINUES TO BE WHETHER HE WILL BE ABLE TO HAVE FULL CONFIDENTIAL ACCESS TO HIS DIGITAL CASE MATERIALS, INCLUDING MORE THEN 80,000 PAGES OF DISCOVERY, AUDIO AND VIDEO RECORDINGS, AS WELL AS THE MEANS TO CONFIDENTIALLY REVIEW THE DIGITAL MATERIALS AND DISCUSS WITH HIS ATTORNEYS. IMPORTANT PARTS OF THE DISCOVERY ARE IN THE RUSSIAN LANGUAGE. AT THIS STAGE IN THE PROCEEDINGS, MR. KABAMOVAS'S ABILITY TO WORK ON HIS CASE AND WITH THE DISCOVERY IN PREPARATION FOR FILING A 2255 MOTION IS IMPERATIVE. THE APPOINTMENT

2.

OF THE IFCD AND MR. FOLEY WILL ALLOW MR. KALANOVAS' CONCERNS ABOUT CONFIDENTIAL ACCESS TO HIS CASE MATERIALS TO BE ADDRESSED."

APPOINTED LEGAL TEAM FAILED TO ADDRESS MY CONCERNS TO THIS COURT ABOUT CONFIDENTIAL ACCESS TO MY LEGAL MATERIALS. THE BUREAU OF PRISONS (BOP) OFFICIALS KEEP OPENING MY LEGAL MAIL OUTSIDE OF MY PRESENCE. AND I STILL DO NOT HAVE A MEANINGFUL, TRANSLATED IN TO THE LANGUAGE I CAN UNDERSTAND BEST, DISCOVERY MATERIALS, COURT-TRIAL TRANSCRIPTS AND OTHER LEGAL MATERIALS THAT I NEED TO HAVE IN CASE TO DISCUSS WITH MY LEGAL TEAM.

I HAVE IRRECONCILABLE DIFFERENCES WITH ALL LEGAL TEAM. ATMOSPHERE OF TOTAL MISTRUST, MISGIVINGS AND CONFLICTING INTERESTS IN WHAT, HOW AND WHEN TO FILE MOTIONS RELATED TO 2255 APPEALS. WE HAVE A TOTAL BREAKDOWN OF THE ATTORNEY-CLIENT RELATIONSHIP AND COMMUNICATIONS, I REFUSE TO TALK WITH THEM ANY MORE. THE CHIEF OF CAPITAL UNIT FOR 2255 IFCD's INFORMED ME IN HER LETTER DATED JUNE 22, 2020 THAT "I'M LEAVING THE OFFICE TO PURSUE SOME NEW PROFESSIONAL OPPORTUNITIES". THAT WAS THE LAST TIME..I HERD FROM MRS. CASANOVA, AND I AM NOT TALKING WITH NO ONE ELSE FROM IFCD BECAUSE THE NEW CHIEF FOR CAPITAL 2255 UNIT ALSO REFUSE TO FILE MOTION IN TO THIS COURT TO ADDRES MY ISSUES (SEE ATTACHED COPY

3.

OF LETTER FROM VICTORIA BAILEY CASANOVA) AS ATTACHMENT #1

THE LAST TIME, AND ONLY TIME WHEN I HAVE SPOK WITH MR. FOLEY FOR ONE HOUR ON THE PHON, WAS ON NOVEMBER 16, 2020. I TRIED TO CONVINCE HIM TO FULFILL THE PROMISES IN EX PARTY MOTION OR GET OUT OF MY CASE. SEE ALSO MOTION TO PROCEED PRO SE ON 28 USC 2255," Doc# 2386 THAT I FILED ON 10/13/20.

THE FACT THAT THIS LEGAL TEAM REFUSE TO ADDRESS MY CONCERNS ABOUT CONFIDENTIAL ACCESS TO MY LEGAL MATERIALS LEAVE ME WITH THE HOBSON'S CHOICE, I HAVE TO FORFEITURE OF ONE CONSTITUTIONAL RIGHT AS THE PRICE FOR EXERCISING ATOTHER. I CAN HAVE AN ATTORNEY, BUT NOT ATTORNEY-CLIENT PRIVILEGED COMMUNICATIONS. BECAUSE THE BOP OFFICIALS KEEP OPENING MY LEGAL MAIL WITHOUT MY PRESENCE, I HAVE TO GIVE UP MY FIRST AND SIXTH AMHEDMENT OF ATTORNEY-CLIENT PROTECTED COMMUNICATIONS. SEE KADAMOVAS V WATSON 2:19-CV-00540-JPH-MJD I FILED TO US DISTRICT COURT SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION, WHICH IS NOW ON APPEAL FOR COURT OF APPEALS FOR THE SEVENTH CIRCUIT, CASE NO 20-1889.

I FILED THIS 2241 APPEAL IN TO THE INDIANA COURT PRO SE IN DESPERATION AND FEAR THAT MY CONCERNS WILL NEVER ADDRESSED BECAUS THIS LEGAL TEAM

4.

REFUSE TO FULFILED THER OBLIGATIONS AND DUTY, AND STILL REFUSE TO DO SO.

This LEGAL TEAM THINKING THAT THEY ARE WILL FILE SOMTHING IN MY 2255 APPEALS, BUT FILE SOMTHING, MUCH LESS THEN EVERYTHING.

Because THE ACTIONS AND AMISSIONS OF THIS LEGAL TEAM, THE BOP's OFFICIALS AND PROSECUTORS MY PROCEEDINGS UNDER SECTION 2255 WILL NOT AFFORD ME A REASONABLE OPPORTUNITY TO ADDRESS ALL ISSUES AND OBTAIN RELIABLE DETERMINATION. MY APPEAL FOR SECTION 2255 WILL BE INCOMPLETE, ILL-PREPARED, HALF-BAKED AND EXTREMELY PROLONGED AND THEREFORE UNFAIR.

## LEGAL AUTHORITIES

PERSUANT TO 18 U.S.C.S. § 3599 (E) " UNLESS REPLACED BY SIMILARLY QUALIFIED CONSEL UPON THE ATTORNEY's OWN MOTION OR UPON MOTION OF THE DEFENDANT, ... " I ASKING THIS COURT TO REPLACE APPOINTED LEGAL TEAM WITH ATTORNEY WHOM I CAN TRUST AND WORK ON MY APPEALS, AND WHO WILL ADDRESS ALL MY CONCERNS INCLUDE CONFIDENTIAL ACCESS TO MY CASE MATERIALS, FULL, MEANINGFUL AND TRANSLATED ACCESS TRANSLATED FOR ME FROM ENG-LISH TO RUSSIAN AND IMPORTANT PARTS OF THE DISCOVERY

5.

ARE IN RUSSIAN LANGUAGE (AUDIO TAPES VIDEOS, AND OTHER MATERIALS) MUST BE TRANSLATED TO ENGLISH LANGUAGE. FOR EXEMPLE, THE PHONE CONVERSATIONS IN BETWEEN MY CO-DEFENDANTS WITH THER FAMILY MAMBERS ARE IN RUSSIAN AND LATVIAN, IT CAN NOT BE DONE USING COMPUTER SOFTWARE, BUT ONLY WITH COURT AUTHORISED INTERPRETATOR, AND IN FIRST PLACE I HAVE TO HAVE OR OBTAIN THIS TAPES!

SEE ALSO <u>UNITED STATES V. MOSQUERA, 816 F. SUPP 168, 177; 1993 U.S. DIST. LEXIS 3324, *28</u> " IT IS RECOMMENDED THAT SUBJECT TO ACTION BY THE UNITED STATES JUDICIAL CONFERENCE OR CONGRESS, THE UNITED STATES DEPARTMENT OF JUSTICE, THE ADMINISTRATIVE OFFICE AND THE JUDICIAL CENTER JOINTLY CONSIDER USE OF PRESENT AND FUTURE TECHNOLOGY IN REDUCING THE COSTS OF INTERPRETATIONS AND TRANSLATIONS. COMPUTERS MAY BE PROGRAMMED TO READ AND TRANSLATE" AND IN CONCLUSION" " EVERY NON-ENGLISH SPEAKING CRIMINAL DEFENDANT SHELL BE PROVIDED IN THIS CASE WITH A TRANSLATION OF THE INDICTMENT AND RELEVANT PORTIONS OF THE STATUTES REFERRED TO IN THE INDICTMENT."

## <u>LEGAL PRINCIPALS AND AUTHORITY FOR HOBSON's CHOICE</u>

FORCING A CRIMINAL DEFENDANT TO SURRENDER

6.

ONE CONSTITUTIONAL RIGHT, IN ORDER TO ASSERT
ANOTHER" IS INTOLERABLE." SIMMONS v. UNITED STATES,
390 U.S. 377, 394 (1968) SEE ALSO LEFKOWITZ v.
CONNINGHAM, 431 U.S. 81, 807-08 (1977) (FINDING
STATE STATUTE IMPERMISSIBLE COERCIVE, IN PART BECAUSE
IT FORCES FORFEITURE OF ONE CONSTITUTIONAL RIGHT
AS THE PRICE FOR EXERCISING ANOTHER); UNITED
STATES v. RYAN, 810 F.2d 650, 656 (7TH CIR. 1987)
MILLER v. SMITH, 99 F.3d 120 (4TH CIR. 1996)

## POINT No.2

## LOSE OF MY LEGAL MATERIALS FOR MITIGATION
## BY THIS LEGAL TEAM

BEFORE MY TRIAL STARTED, MY TRIAL ATTORNEY
RICHARD P. LASTING VISITED MY HOME COUNTRY OF
LITHUANIA. MY FAMILY PROVIDED TO HIM MANY MATERIALS
FOR MY MITIGATION DEFENCE. MY FAMILY WAS NOT BE
ABLE TO TRAVEL TO THE U.S. FOR MY PENALTY TRIAL
BECAUSE DID NOT GOT THE VISAS. AMONG PROVIDED TO
MR. LASTING MATERIALS WAS SEVERAL VHS TAPES WITH
MY BUSINESS ACTIVITIES IN LITHUANIA AND THE U.S.
MY INTERVIEWS TO LITHUANIAN TV STATIONS ABOUT MY
NEW BUSINESS OF LIMOUSINE SERVICE ( I HAVE BRING
LIMOUSINES FROM THE US) AUDIO AND VIDEO COMMERCIALS

7.

of my business, as well CD (the only copy) of my songs that I recorded demos in Los Angeles, and other materials. For unknown to me reasons non of this facts was play, nor mentioned to the Jury members.

The trial attorney Richard P. Lasting informed me that after trial he put all my legal materials concerning my case include those he obtained from my family in a boxes in the same place with they are must be ther. My legal team have received all this boxes for long time ago. See ther Notice of motion and motion for Equitable Tolling... Doc # 2377 filed 08/14/20 page 1-2. Attorney Foley have mentioned "... diligently collecting, reviewing, and organizing the massive amount of materials relating to this case..., the files of trial counsel (roughly 88 Banker's boxes), the files of appellate counsel (roughly 22 Banker's boxes)..."

Recently I have learn from mitigation specialist Judith Mazara, the only person with whom I have contact, that my legal team was not be able to find the VHS tapes and CD that suppose to be in those Banker's boxes.

I actually do not know what I even can do about it since I never was allowed to have

8.

AN ACCESS TO MY LEGAL MATERIALS NOR THOSE
BOXES, BUT IT IS MY HOPE THAT NEW-REPLACED
ATTORNEY WILL HELP ME TO INVESTIGATE OF THIS
LOST, OR INTENTIONAL HIDDEN OF IMPORTANT MATERIALS
FOR MY APPEAL.

I ALSO HAVE TO MANTION TO THIS COURT THAT
BECAUSE THIS LEGAL TEAM NEVER SENT TO ME ANY
OF MY LEGAL DOCUMENTS, NOT ELECTRONICLY NOT
ON PAPER, I EVEN DO NOT KNOW WHAT ELSE HAVE
TO BE MISSED, LOST, OR INTENTIONALLY HAVE BEEN
DESTROY, AND WITHOUT FULL INVENTORY I NEVER
WILL KNOW. I DO BELIVE THAT MY LEGAL TEAM DO NOT
WANT ME TO HAVE AN ACCESS TO MY LEGAL MATERI-
ALS BECAUSE THEY ARE COMPLICIT WITH THE PROSECUTORS
AND HAVE EVIL INTENA, I CAN NOT TRUST TO THIS
LEGAL TEAM AT ALL.

# ALTERNATIVELY

I ASKING THIS COURT FOR PRO SE REPRESEN-
TATION FOR PROCEEDINGS PURSUANT TO 28 U.S.C. 2255
I SEEKING TO REPRESENT MYSELF PURSU 28 USC § 1654.

28 USCS § 1654 IS INTENDED TO PROVIDE INDIVI-
DUALS WITH EQUAL ACCESS TO THE COURTS BY PER-
MITTING INDIVIDUALS TO REPRESENT THEMSELVES.

SEE UNITED STATES v. LEN DAVIS 629 FED APPX

9.

613 filed on October 26, 2015 in to the 5TH Cir. (Mr. Davis and I am, both in the SCU unit on Federal death row.)

Davis argues that the district court denied him the right to represent himself in violation of 28 USC 1654. Section 1654 provides as follows: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Citing §1654, the 5TH Circuit has noted that a "Habeas petitioner does have a statutory right to self representation." Scott v. Wainwright, 617 F.2d 99, 102 n. 3 (5TH Cir. 1980) see also Anderson v. United States, 948 F.2d 704, 705 n. 3 (11TH Cir. 1991)

## Conclusion

Therefor I asking this Court to:
+) Replace the current legal team and appointed attorney to whom I can trust and work.
2) Alternatevely, allow my to represent pro se for 28 USC 2255 procedures with appointed standby counsel who will assist.
3) Following any hearings that this Court deems.

10.

DATED May 10, 2021

RESPECTFULLY SUBMITED

Julius Kabamouas
#21050-112
USP TERRE HAUTE
P.O. Box 33
TERRE HAUTE, IN 47808

DECLARATION OF MAILING

THE UNDERSIGNED DOES ATTEST UNDER PAINS OF PORGERY THAT HE DID MAIL THIS ORIGINAL Motion TO REPLACE APPOINTED COUNSELS FOR PROCEEDINGS PURSUANT TO 28 USC §2255 ON 12 MAY 2021 TO THE US DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA COURTHOUSE 255 EAST TEMPLE STREET, LOS ANGELES CA 90012, VIA US MAIL SUFFICIENT FIRST CLASS POSTAGE ATTACHED THERETO.

USPS TRACKING #
& CUSTOMER
RECEIPT

**9114 9022 0078 9497 2471 73**
For Tracking or inquiries go to USPS.com
or call 1-800-222-1811.

Julius Kabamouas

II.

ATTACHMENT #1



**Indiana Federal Community Defenders**

June 22, 2020

Jurijus Kadamovas #21050-112
U.S. Penitentiary SCU-FCC
P.O. Box 33
Terre Haute, IN 47808

Dear Mr. Kadamovas:

I'm writing to let you know that June 30, 2020 will be my last day at the Indiana Federal Community Defenders office. I'm leaving the office to pursue some new professional opportunities. The § 2255 unit here will continue to work on your case and continue to keep you informed of developments, as will your other appointed counsel Tim Foley.

It was a privilege to get the opportunity to meet you and work on your case. I particularly enjoyed our talk about music and art. If you wish to contact me in the future, you can write to the IFCD and they will forward the letter. I wish you all the best.

Sincerely,

Victoria Bailey Casanova
Chief, Capital § 2255 Unit