IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

U.S.C.A. — 7th Circuit
RECEIVED
MAR 28 2022

## CASE No. 20-1889

| | |
|---|---|
| Jurijus Kadamovas<br><br>PETITIONER - Appellant<br><br>V.<br><br>T.J. Watson, Warden<br>RESPONDENT - Appellee | Appeal from the U.S. District Court for the Southern District of Indiana, Terre Haute Division.<br><br>No. 2-19-CV-00540-JPH-HJ1<br><br>Honorable James P. Hanlon. |

## MOTION FOR COURT TO TAKE ACTION ON APPELANT BRIEF WO 20-1889

Comes the petitioner Jurijus Kadamovas PRO SE and for this cause of action states as fallow:

# CAPITAL CASE
## INTRODUCTION

The Petitioner Jurijus Kadamovas is a Lithuanian citizen Incarcerated in the Special Confinement unit (SCU) in the Federal Correctional Complex Terre Haute, Indiana. He was sentenced to death in the United

STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA.

On November 8, 2019 PETITIONER FILED THE HABEAS ACTION PURSUANT TO 28 USC 2241 TO THE UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF INDIANA TERRE HAUTE DIVISION, RAISING HIS CLAIM OF ACTUAL INNOCENCE AND VARIOUS CLAIMS OF VIOLATION OF THE CONSTITUTIONAL RIGHTS OF THE UNITED STATES, AND INTERNATIONAL TREATIES, ARGUING THAT THOSE VIOLATIONS BY THE BUREAU OF PRISONS (BOP) OFFICIALS AND PROSECUTORS, MAKE IT "LITERALLY IMPOSSIBLE" FOR KADAMOUAS TO LITIGATE 28 USC 2255 PETITION.

On April 22, 2020 THE DISTRICT COURT DISMISSED ACTION AND DIRECTED FINAL JUDGMENT On April 27, 2020 KADAMOUAS FILED A TIMELY NOTICE OF APPEAL AND ON JUNE 09, 2020 PETITIONER FILE APPEAL TO THE SEVENTH CIRCUT COURT OF APPEAL NO: 20-1889.

On July 12, 2021 KADAMOUAS RECEIVED COURT ORDER FOR "STATUS REPORT". COURT ASK PETITIONER FOR WHAT, IF ANY, ACTIONS KADAMOUAS MOVED IN THE SENTANCING COURT IN CALIFORNIA TO VOCATE THE CRIMINAL JUDGMENT OR OBTAIN RELIEF. On July 26, 2021 THE COURT RECEIVED KADAMOUAS'S

2.

RESPONSE TO ORDER "STATUS REPORT" SEE DOCU. #17 81 PAGES.

## UPDATE ON "STATUS REPORT" ORDER

1/ KADAMOUAS HAS NOT MOVED TO SENTENCING COURT TO VACATE THE CRIMINAL JUDGMENT. MAIN REASONS FOR THAT, HE EXPLAINED IN HIS PETITION WO. 20-1889 TO THIS COURT. SEE APPELANT BRIEF DOCU #4 JUN 9, 2020.

2/ KADAMOUAS STILL HAVE BROKEN, BEYOND REPAIR, ATTORNEY-CLIENT COMMUNICATIONS WITH COURT APPOINTED ATTORNEYS FOR 2255 MOTIONS.

3) KADAMOUAS STILL DO NOT HAVE A MEANINGFUL ACCESS TO HIS LEGAL DOCUMENTS FOR CONDUCTING 2255 MOTION.

4) THE BOP OFFICIALS STILL KEEP OPENING HIS LEGAL MAIL OUTSIDE OF HIS PRESENT.

MANY TIMES, WITHOUT SUCCESS, KADAMOUAS TRYED REPLACE INEFFECTIVE ATTORNEYS OR REPRESENT HIM SELF. SEE ATTACHED, RECENTLY SENT LETTERS TO ATTORNEYS WHER KADAMOUAS ASKING HIS ATTORNEY TO FILE MOTION TO THE COURT IN CALIFORNIA AND INFORM THE COURT

3.

THAT OUR ATTORNEY-CLIENT RELATIONSIP IS BROKEN BETOUND REPAIR, AND THAT KADAMOUAS ASKING THE COURT TO REPLACE ATTORNEYS. SEE ATTACHED AS ATTACHMENTS # 1, 2, AND 3. ESSENTIALLY ATTORNEYS HIJACK MY CASE AND SABOTAGE MY APPEAL PROCEDURES. THEY ARE REFUSE TO AADRES THIS ISSUES TO THE COURT IN CALIFORNIA, AND THE COURT REFUSE TO INTERTAIN MY MOTIONS BECAUSE ATTORNEYS WAS APPOINTED AND ONLY ATTORNEY CAN COMMUNICATE WITH THE COURT. SEE DOCK # 17 FOR MORE INFORMATION. BECAUSE "COVID 19" ATTORNEYS KEEP GETTING EXTENSION TO FILE MOTION FOR 2255, BUT AS I STATE MANY TIMES, WITHOUT MY PARTISAPATION OR/AND AUTHORIZATION IT CANNOT BE FILED. IT WILL BE INCOMPLITE, ILL-PREPARED, HALFBAKED, EXTREMELY PROLONGED AND THEREFORE CANNOT BE ADEQUATE AND EFFECTIVE.

## ESSENTIALLY THIS CASE PRESENTS TWO QUESTIONS

1) WHETHER THE ACTIONS OF THE BOP OFFICIALS AND PROSECUTORS, WHO OPENING AND TAMPERING WITH CAPITAL DEFENDANTS ATTORNEY-CLIENT PRIVILEGED LEGAL MAIL COMMUNICATIONS OUTSIDE

4.

DEFENDANTS PRESENT, DENY DEFENDANTS RIGHTS TO FAIR APPEAL PROCEDURES, CREATING STRUCTURAL PROBLEM AND/OR OBSTRUCTING POSSIBILITY FOR SEEKING RELIEF UNDER SECTION 2255 MOTION. (SEE APPELANT BRIEF, ARGUMENT ONE AND TWO)

2) WHETHER A CAPITAL DEFENDANT WILL BE ABLE TO PRESENT LEGALLY SUFFICIENT 2255 PETITION WITHOUT HAVING MEANINGFUL ACCESS TO THE DISCOVERY MATERIALS, COURT TRANSCRIPTS AND OTHER DOCUMENTS NECESSARY TO CONDUCTING THE 2255 PETITION WITH, OR WITHOUT AN ATTORNEY. (SEE APPELANT BRIEF ARGUMENT THREE, FOUR AND FIVE)

RESOLVING THIS ISSUES NOW IS THE BETTER USE OF JUDICIAL RESOURCES.

## ONGOING VIOLATIONS OR CONTINUE WRONG

THE BOP OFFICIALS CONTINUE TO OPENING KADAMOUAS'S LEGAL MAIL OUTSIDE OF HIS PRESENT AFTER HI FILED HIS 2241 TO DISTRICT COURT IN INDIANA.

A) ON JULY 5, 2019 PROPERLY MARKED LEGAL MAIL FROM ATTORNEY ONY HALTON WAS OPENED

5.

IN MY PRESENT, THEN TWO CD's FROM THE PACKAGE WAS TAKEN AWAY AND OPENED OUTSIDE MY PRESENT. GRIEVANCE WAS FINISHED ON 17 DECEMBER 2019, THAT WHY IT WAS NOT INCLUDE IN ORIGINAL COMPLAIN. SEE ATTACHED AS ATTACHMENT # 4

B) ON AUGUST 10, 2020 PROPERLY MARKED LEGAL MAIL FROM JUDITH MAZARA, LEGAL REPRESENTATIVE OF ATTORNEY TIM FOLEY WAS OPENED OUTSIDE OF MY PRESENT. SEE ATTACHMENT # 5

C) ON OCTOBER 25, 2021 PROPERLY MARKED LEGAL MAIL FROM MY TRIAL ATTORNEY RICHARD LASTING WAS OPENED OUTSIDE OF MY PRESENT. SEE ATTACHED AS ATTACHMENT # 6.

D) MARCH 16, 2022 PROPERLY MARKED LEGAL MAIL FROM ATTORNEY GEORGE KOUROS WAS OPENED OUTSIDE OF MY PRESENT. GRIEVANCE PROCEDURE IN PROGRESS. SEE ATTACHMENT # 7.

THE BOP OFFICIALS AND PROSECUTORS START VIOLATION OF KARAMOUAS'S ATTORNEY- CLIENT PRIVILEGED COMMUNICATIONS RIGHTS IN 2003, EVEN BEFORE TRIAL STARTED. PLEASE SEE ALL ORIGINAL PETITION TO THE DISTRICT COURT OF INDIANA, INCLUDE EXHIBIT # 5, THE DECLARATION OF JORIJOS KARAMOUAS, AND CONSIDER:

## THE CONTINUING VIOLATION DOCTRINE

6.

In <u>Filipovic v. K & R Express system,</u>
<u>Incorporated, 176 F. 3d 390; 1999 US App. Lexis 8132</u>
The 7TH Circuit explained: The Continuing
violation doctrine allows a " Complainant to
obtain relief for a time-barred act of
discrimination by linking it with acts that
fall within the statutory Limitations period.
Courts will then treat the series of acts as
one continuous act ending within the
Limitations period. Court will consider:
Whether the acts involve the same subject
matter; the frequency at which they occur;
and the degree of permanence of the acts.

Courts have analyzed claims regarding
the confidentiality of Attorney-Inmate
communications under various constitutional
principles, including the First and Sixth
Amendment rights, Due Process and Access
to the Courts, or some combination of these
rights. Kadamovas asking this Court to
consider his case under all combinations
of these rights, include:
<u>Due Process - 'Shock the Conscience doctrine</u>
The " Shock the Conscience" standard typically
is employed when determining whether Governme-

7.

-NTAL ACTION VIOLATES DUE PROCESS RIGHTS UNDER THE FIFTH AND FOURTEEN AMMENDMENTS. IN A DUE PROCESS CHALLENGE TO EXECUTIVE ACTION, THE THRESHOLD QUESTION IS WHETHER THE BEHAVIOR OF THE GOVERNMENTAL OFFICER IS SO EGREGIOUS, SO OUTRAGEOUS, THAT IT MAY FAIRLY BE SAID TO SHOCK THE CONTEMPORARY CONSCIENCE. THE U.S. SUPREME COURT HAS SAID THAT THE "SHOCK THE CONSCIENCE" STANDARD IS SATISFIED WHERE THE CONDUCT WAS INTENDED TO INJURE IN SOME WAY UNJUSTIFIABLE BY ANY GOVERNMENT INTEREST, OR IN SOME CIRCUMSTANCES IF IT RESULTED FROM DELIBERATE INDIFFERENCE.

## HOBSON'S CHOICE

PROVIDING AN ATTORNEY FOR INDIGENET INMATE SATISFISE THE SIXTH AMMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL.

THE FIRST AMMENDMENT, GUARANTEES OPEN AND CONFIDENTIAL COMMUNICATIONS BETWEEN ATTORNEY AND INMATE.

"WHEN THE EXERCISE OF ONE RIGHT IS MADE CONTINGENT UPON THE FORBEARANCE OF ANOTHER, BOTH RIGHTS ARE CORRUPTED" SEE <u>U.S. EX REL WILCOX v. JOHNSON</u> 555 F. 2d 115, 120 (3RD CIR 1977)

8.

I put it simple. No Inmate should have an Attorney without protected open and confidential communications. Not for trial, nor for Appeal procedures.

On Appeal, this rights, even more important, because part of Appeal, is to get new fair trial, and if prosecutor sizing up, tampering and destroying legal materials on Appeal, as they are doing in this case, then how the new trial can be possibly fair!? Another words, violating this guaranty on Appeal, as the BOP officials and Prosecutors doing in Khramouas's case deny him fair Appeal procedures and apportunety and guaranty for new fair trial as well.

See U.S. v Ryan, 810 F.2d 650, 656 (7th Cir. 1987). Recognizing that government is precluded from "coercing the waiver of a constitutional right either by conditioning the exercise of one constitutional right on the waiver of another, ... or by attacking conditions that penalize the exercise of a constitutional right." See Also Lefkowitz v. Cunningham, 431 U.S. 801, 807-08 (1977) "Finding state statute impermissibly coercive, in part because it forces forfeiture of one

9.

CONSTITUTIONAL RIGHT AS THE PRICE FOR EXERCISING ANOTHER."

## EXCEPTIONAL CIRCUMSTANCES

THIS COURT ON REPEATED OCCASIONS ANALYZED THE 2241 PETITIONS IN A CAPITAL CASES. SEE HIGGS, 984 F.3d 1235, LEE 964 F.3d 663, PURKEY, 964 F.3d 603 AND OTHERS. IN ALL THIS CASES THE COURT DETERMINED THAT: "HE (INMATE) HAD A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS... CLAIM BEFORE THE DISTRICT COURT THAT DECIDED HIS 2255 PETITION;" SEE BOURGEOIS, 277 F.3d 620. IN CONCLUSION "THE QUESTION IN THIS APPEAL IS NOT WHETHER ALFRED BOURGEOUS IS INTILECTUALLY DISABLED. IT IS, INSTEAD, WHETHER HE WAS ABLE TO LITIGATE HIS... CLAIM IN HIS 2255 MOTION. HE WAS, AND HE DID."

IN THIS CASE KADAMOVAS WILL HAVE NOT A FULL AND FAIR OPPORTUNITY TO LITIGATE HIS CLAIMS, INCLUDING HIS CLAIM OF ACTUAL INNOCENT, NOR PRESENT ALL EVIDANCE FOR HIS CLAIMS, BECAUSE OF THE BOP OFFICIALS AND PROSECUTORS METHODICALLY, OVER MORE THEN DECADE, DESTROYING THIS EVIARNCE. (SEE APPELANT BRIEF ARGUMENT TWO.)

## ANOTHER ARGUMENT

10.

In WEBSTER II - F. 3d - 2020 U.S. APP LEXIS 30334, 2020 WL 5638691, WHICH FURTHER ILLUSTRATES THE TYPE OF UNUSUAL CIRCUMSTANCES THAT WARRANT SAVING-CLAUSE RELIEF. FROM THE EVIDENCE PRESENTED AT THE HEARING, THE DISTRICT COURT DETERMINED THAT WEBSTER's NEW EVIDENCE, WHICH PREDATED HIS CAPITAL TRIAL, HAD BEEN UNAVAILABLE TO WEBSTER AT TRIAL DESPITE HIS COUNSELS DILIGENT EFFORTS TO OBTAIN IT AT THE TIME.

ESSENTIALLY, WEBSTER's CASE WAS ACCEPTED BY THIS COURT AS 2241 PETITION OWER ONLY ONE DOCUMENT WHICH WAS UNAVAILABLE TO WEBSTER AT TRIAL. IN THIS CASE, KADAMOVAS POTENTIALLY LOST A HUNDREDS OF DOCUMENTS, INCLUDE THOSE THAT SUPPOSE TO BE PRESENTED AT TRIAL, BUT FOR VARIOUS REASONS WAS NOT PRESENTED, AND NOW, BECAUSE OF ACTIONS OF THE BOP AND PROSECUTORS, THOSE DOCUMENTS WILL BE NOT AVAILABLE TO KADAMOVAS FOR HIS APPEAL PROCEDURES, AND FOR NEW FAIR TRIAL AS WELL. (SEE APPELANT BRIEF, ARGUMENT TWO AND THREE.)

## JUSTICE DELAY, JUSTICE DENY

KADAMOVAS WAS ARRESTED ON FEBRUARY 19, 2002.

11.

On this day he spent more then 20 years in torturous Solitary Confinement, more then 15 of those 20 years he spent on Federal Death Row in Terre Haute Indiana, trying to partisapate in his appeal proceaures.

International tribunals have found that extenaed incalceration on Aeath Row under the continuing threat of execution violate U.S. Human rights obligations, separate ana apart from prolongea aetention in Solitary Confinement. Specifically regaraing the matter of prolongea Solitary Confinement on aeath Row, the Inter-American Commission has aeterminea that aeprivation of liberty unaer certain conaitions on Aeath Row, inclluaing solitary confinement for FOUR Years, constitutea inhuman treatment. See IACHR, report No 24/17, case 12.254. Merits Victor Soliano.

The UN Special Repporteur on Torture has founa that:

Inaiviauals hela in Solitary Confinement suffer extreme forms of sensory aeprivation, anexiety ana exclusion, cleary surpassing lawful conaitions of aeprivation of liberty. Solitary confinement, in conbination with the foreuknowleage of aeath ana the uncertaintt

12.

OF WHETHER OR WHEN AN EXECUTION IS TAKE PLACE, CONTRIBUTES TO THE RISK OF SERIOUS AND IRREPARABLE MENTAL AND PHYSICAL HARM AND SUFFERING TO THE INMATE. SOLITARY CONFINEMENT USED ON DEATH ROW IS BY DEFINITION PROLONGED AND INDEFINITE AND THUS CONSTITUTES CRUEL, INHUMAN OR DEGRADING TREATMENT OR PUNISHMENT OR EVEN TORTURE. See United Nations Interim Report of the Special Repporteur on Torture and Other Cruel, Inhuman or Degrading Treatment of Punishment. 9 August 2012 A/67/279. PARA. 48. Also, see Attached few Relevant pages from U.N. CCPR/c/Gc/36 AS Spetial Attachment #8.

KADAMOUAS ASKING THIS COURT TO CONSIDER SOLITARY CONFINEMENT CIRCUMSTANCES IN DECISION OF THIS CASE. IT IS IN THE INTEREST OF THE PUBLIC AND JUSTICE TO STOP THIS TORTURE OF INNOCENT MAN IN SOLITARY CONFINEMANT FOR MORE THEN 20 YEARS. ( See PETITION ARGUMENT # 5)

## ALTERNATIVE REQUEST TO REMEDY

1) PERHAPS THIS COURT CAN ISSUE JUIGMENT UNDER 28 USC 2201 DECLARATORY AND INJUNCTIVE RELIEF TO REMEDY DEFENDANTS PATTERN AND

PRACTICE OF ULTRA VIRES CONDUCT IN EXCESS OF DEPRIVATION OF KADAMOVAS's FIRST, SIX AND EIGHT AMMENDMENT, AS WELL DUE PROCESS AND ACCESS TO COURTS, WHICH RENDERS KADAMOVAS's MOTION UNDER 2255 SECTION INADEQUATE AND INAFECTIVE.

2) OR PERHAPS THIS COURT CAN ORDER TO AMEND, OR FILE NEW CLAIM UNDER ADMINISTRATIVE PROCEDURE ACT (APA) <u>5 U.S.C.S 701-706</u> AND <u>28 U.S.C.S 1391</u> WHICH PROVIDES SUBJECT MATTER JURISDICTION FOR A REVIEW PROCEEDINGS UNDER THE APA WHERE KADAMOVAS WILL BE ABLE TO ASK FOR DECCARATORY AND INJUNCTIVE RELIEF.

3) ADVISE ANY OTHER WAY HOW KADAMOVAS CAN SEEK REMEDY FOR VIOLATION OF STATUTORY AND CONSTITUTINAL RIGHTS, WHICH RENDERS HIS REMEDY UNDER MOTION 2255 INADEQUATE AND INAFECTIVE. THE IDEA IS THAT THE COURTS WELL-ESTABLISHED POWER TO RECHARACTERIZE PRISONER COMPLAINTS TO ENSURE THAT TECHNICALITIES DO NOT BAR CONSIDERATION OF A VALID CLAIM SHOULD NOT BE USED TO PENALIZE PRO SE LITIGANTS FOR THEIR LACK OF LEGAL SOPHISTICATION.

4) ALSO PERHAPS THIS COURT WOULD APPOINT COUNSEL DUE TO THE EXCEPTIONAL CIRCUMSTANCES. IN CASE OF OTHER FEDERAL DEATH ROW INMATE, <u>FULKS V</u>

14.

WATSON (died July 19, 2021) Fulud filed a Pro se 2241 in the Southern district of Indiana and the District Court appointed counsel to represent him. Also, all other Capital cases inmates had Consuls for their 2241 motions. Perhaps this court would Appoint, or recomend to the district court to Appoint counsel due to the exceptional circumstances, for APA or other proper actions.

In the end, Kadamovas would like to mention:

Every Appellate court that has addressed the matter has held that 28 USCS 2255 is "Inadequate or ineffective" only when a structural problem in 2255 forecloses even one round of effective collateral review, and then only when the claim being foreclosed is one of Actual Innocence.

Kadamovas meet all this requirements in filing his 2241 motion. The structural problems created by the BOP officials and prosecutors will foreclose even one round of effective collateral review in his Actual Innocence claim, and it is not his fault or mistake that things happened as they are.

15.

# CONCLUSION

Kadamouas also asking this Court to make a ruling on his case as soon as possible, for all reasons above, as well because Kadamouas must have an opportunity to bring his case to the Supreme Court of the US to fully exhaust domestic remedys, and if needed, appeal to International Authority.

Dated: 24 of March, 2022

Respectfully Submitted

Jurijus Kadamouas
Pro Se Appellant.

## Decclaration on Mailing

The undersigned does attest under peins of purjury that he did mail this original Motion for Court to take action on Appeal Brief W20-1889 to the Court of Appeals for the Seuenth Circuit, 219 South Dearbon Street Chicago Illinois 60604-1874 via US. Mail, Sufficient first class postage attached thereto and mail on this 24 March 2022 day whereal I attest to such Mailing under 28 USC 1746

Jurijus Kadamouas # 21050-112, USP Terre Haute
P.O. Box 33, Terre Haute, IN 47808

16.

ATTACHMENT # 1



ART AGAINST
DEATH

IFCA
INDIANA FEDERAL
COMMUNITY DEFENDERS
111 MONUMENT CIRCLE
SUITE 3200
INDIANAPOLIS, IN 46204

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

25 OCTOBER 2021

DEAR ATTORNEY, TIMOTHY J FOCEY,
ANGELA S ELLEMAN, JEAN GREEN AND
OTHER IN IFCA,

I REQUESTING YOU TO FILE A MOTION
TO THE COURT IN CALIFORNIA INFORMING THE
COURT THAT OUR ATTORNEY-CLIENT RELATIONSHIP
IS BROKEN BEYOND REPAIR, REQUEST THE COURT
TO RELIEVE YOU FROM THIS CASE AND APPOINT
NEW COUNSELS TO REPRESENT ME.

THANK YOU FOR YOUR ATTENTION TO
MY REQUEST

SINCERELY,

JURIJUS KADAMOVAS

C.C. EMBASSY OF LITHUANIA
COURTS

ATTACHMENT # 2



ART AGAINST
DEATH

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

IFCA
111 Monument Circle
Suite 3200
Indianapolis, IN 46204

15 November, 2021

Dear Attorney Timothy Y Foley,
Angela S. Elleman, Jean Giles an
other in IFCA assigned to my case.

It is obvious that we are unable to have
a working attorney-client relationship. For one
more time I asking you to file the motion
to the court in California and inform the
court that our attorney-client relationship
is broken beyond repair and that I asking
the court to relieve you all from my
case and appoint new counsels to repre-
sent me.

Thank you for your attention to my
request.

Sincerely,

Jurijus Kadamovas.

CC Embassy of Lithuania.
Court.

ATTACHMENT #3



ART AGAINST
DEATH

JURIJUS KADAMOVAS
Register number: 21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808 USA
www.yurikadamov.com

IFCA
III Monument Circle
Suite 3200
Indianapolis, IN 46204

6 December, 2021

Dear Attorney Angela S. Elleman,
Timoty V. Foley, Jean Giles and other
in IFCA assignet to my case.

Our conversation with Attorney Angela S.
Elleman on Dec. 6, 2021 reveal that you have
very limited knowledge about issues that must
be presented on appeal to my case. In particula-
rly issues about prosecutorial misconduct before
during the trial and after, claim of my actual
innocent and ineffective assistant of consul, that
I was already had have debated in great dethils
with previous Chief of Capital 2255 unit for
IFCA Victoria Cassnova. Who also promised that
she will file motions to the Court for obtaytn
for me full and meaningful access to my legal
materials as well haakess to the Court ongo-
ing issues with my legal mail which the BOP
officials opening without my presence and keep
keeping big part of my legal materials on CAD
and NUN's in ther position without allowing me
to do inventory.

I have to notice that in a few of letters
from Attorney Elleman dated August 13, 2021
and September 16, 2021 she mantioned that she
intend to take action to help me have access to
all of the discovery, but in my understanding not
any motion was filed at this time. So... Victoria
Cassanova, two and a half years ago, did promise
that it will be don, in first thing, and I still
do not have meaningful, and complite access to
any of my legal materials!

1 of 3

I CAN NOT TRUST TO YOU ANY MORE IN ANYTHING!
YOU DENY ME OPPORTUNITY TO PRESENT TO THE
COURT MY COMPLETE DEFENSE, EVIDENCE OF
THIRD-PARTY GUILT, MY INNOCENCE CLAIM, PROSECU-
TORIAL MISCONDUCT AND OTHER ISSUES THAT MATERS
TO ME. IT IS ABSOLUTELY OBVIOUSLY TO ME, THAT
WE CAN NOT WORK TOGETHER, IN PART BECAUSE YOU
DO NOT KEEP YOUR PROMISES, AND IN PART BECAUSE
YOU ARE ABSOLUTELY AND TOTALLY INCOMPETENT.

THE LIMITATION FOR FILE 2255 APPEAL IS ONE YEAR.
WITHOUT EVEN CONSULTING WITH ME YOU ASKED, AND
GOT AN EXTENSION THREE TIMES FOR ONE AND A
HALF YEARS AND PLANING TO ASK MORE TIME AGAIN.
YOU DENY ME APPORTUNITY TO BE HERD BY THE
COURT TIMELY ABOUT MY ISSUES, BECAUSE YOU WISH
TO KEEP ME HERE ON DEATH ROW, AS LONG, AS YOU
CAN KEEP MAKE A MONEY ON MY MISERY IN THIS
TORTUROUS CONDITIONS OF SOLITARY CONFINEMENT WITH-
OUT ANY ATTEMPT TO IMPROVE IT! NOT MY BODY,
NOR MY MIND CAN AFFORD THIS PROLONGED SITUATION
AND DELAYS ANY MORE!

WE CAN NOT AGREE ON WHAT, AND WHEN TO
FILE ANY THING. YOU HAD REFUSE TO HELP ME WITH
ARRANGEMENT OF MY PARDON APPLICATION TO THE US
PRESIDENT BECAUSE YOU HAVE NO ANY IDEA ABOUT
INTERNATIONAL LAW, AND MY RIGHTS AND OPPORTUNITY
THAT I HAVE TO TAKE AS A LITHUANIAN CITIZEN.
YOU HAVE LOST THE VIDEO TAPES AND CD'S FROM
LITHUANIA THAT WAS PROVIDED BY MY FAMILY FOR
MY MITIGATION. YOU HAD HAVE HIRE A LAWYER IN
LITHUANIA WHO HARASSED MY FAMILY MAMBERS AND
TRY TO MAKE THEM SIGNED UNTRANSLATED DOCUMENT
IN ENGLISH LANGUAGE THAT THEY CAN UNDERSTAND.
I CAN CONTINUE TO TALK ABOUT YOUR FAILURE, BUT
SEE NO REASON IN THAT, BUT I WOULD LIKE TO
ASK YOU: HOW ANY ONE CAN PROVE AN UNFAIR
TRIAL ON APPEAL, WHEN AN APPEAL WITH ATTORNEYS
LIKE YOU, CAN NOT BE FAIR OR COMPLETE AT ALL?!

How it even possible to fire Ineffective Assistance of trile counsel, with Ineffective assistance of appeal counsel?!

To me it obviously that we never will have a working attorney-client relationship and you will not able to address to the court, all what must be addressed. Therefore for last time I asking you to file motion to the court in California and inform the court that our attorney-client relationship is broken beyond repair and that I asking the court to replace you with new counsels.

Share this my request with all attorneys who thinking that they are working on my casse.

Sincerely,

Jurijus Kadamovas

CC  Embassy of Lithuania
     Courts

3 of 3

ATTACHMENT # 4



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*



☑ Institution ☐ Region ☐ Central

____SCU____ Unit

# Receipt of
# Administrative Remedy

| Inmate Name: | **KADAMOVAS, Jurijus** | Reg. No.: | **21050-112** |
|---|---|---|---|
| Administrative Remedy No.: | **985090-A1** | | |

Received on this ____17th____ day of ____December____ 2019.

_____
Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2019.

Edits received by Unit Team on this _____ day of _____, 2019.

_____
Signature/Title of Staff

**Inmate Copy**

**Administrative Remedy No. 985090-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you claim your legal mail was not open in your
presence.    For relief, you request staff stop opening your legal mail
outside of your presence.

We have reviewed documentation relevant to your appeal and, based
on the information gathered, concur with the manner in which the
Warden and Regional Director addressed your concerns at the time of
your Request for Administrative Remedy and subsequent appeal.    Staff
process mail in accordance with the requirements of Program
Statements 5800.16, Mail Management Manual and 5265.14,
Correspondence.    You provide no information to support staff acted
outside the scope of their duties or contrary to established policy
or procedures.

Accordingly, this response is for informational purposes only.


_____    _____
Date                              Ian Connors, Administrator
                                  National Inmate Appeals

U.S. Department of Justice    **Central Office Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **KADAMOVAS JURIJUS**    **21050-112**    **SCU**    **TERRE HAUTE**
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

Part A - REASON FOR APPEAL   I TIMELY APPEAL REMEDY ID #985090 TO YOUR OFFICE WARDEN WATSON AND REGIONAL DIRECTOR KRUEGER DO NOT DENY THAT ON JULY 5 2019 I HAVE RECEIVED PROPERLY MARKED BOX OF LEGAL MAIL FROM MY ATTORNEY INSIDE THAT BOX WAS TWO COMPUTER DISCS WITH WAS TAKEN AWAY FOR INSPECTION FOR 9½ DAYS. COMPUTER DISCS WAS OPENED AND REWIEWED WITHOUT MY PRESENTS.

THE CD's WAS PART OF THE LEGAL MAIL WITH PASSWORD ON IT. IT MUST BE ALSO INSPECTED AND OPENED IN MY PRESENT, WITHOUT READING COPYING OR ERASE AR ADDING CONTEXT. BUT IT WAS NOT WHICH IS IN VIOLATION OF THE BOP POLICY AND MY CONSTITUTIONAL RIGHTS. RESOLUTION! STOP THIS ONGOING INSPECTION OF MY LEGAL MAIL OUT OF MY PRESENCE.

24 OCTOBER 2019
DATE                          SIGNATURE OF REQUESTER

Part B - RESPONSE

RECEIVED

NOV 01 2019

Administrative Remedy Section
Federal Bureau of Prisons

_____         _____
DATE                        GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE    CASE NUMBER: **985090-A1**

Part C - RECEIPT

CASE NUMBER: _____

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION
SUBJECT: _____

_____         SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL
DATE

UPN LVN    PRINTED ON RECYCLED PAPER    BP-231(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

---

**Administrative Remedy Number:**    985090-R1

---

This is in response to your Regional Administrative Remedy Appeal received in this office on August 15, 2019, in which you allege your special/legal mail privileges have been violated. Specifically, you claim legal mail from your attorney, delivered on July 5, 2019, was not opened in your presence. For relief, you request your special/legal mail be opened only in your presence.

We have reviewed your appeal and the Warden's response dated July 31, 2019. Program Statement 5265.14, <u>Correspondence</u>, stipulates, "For incoming correspondence to be processed under the special mail procedures (see §§ 540.18--540.19), the sender must be adequately identified on the envelope, and the front of the envelope must be marked 'Special Mail — Open only in the presence of the inmate.'" When the criteria for special/legal mail privileges are not met, the correspondence will be processed as regular mail to include being opened and checked for contraband outside your presence. While you have not supplied any evidence to support your claim, review of records reveals special/legal mail addressed from an attorney was delivered to you and was signed for by you on July 5, 2019. As indicated in the Warden's response, the mail was processed as special/legal mail, was opened in your presence, and contained legal documents and two computer discs. You were provided the enclosed contents, consisting of legal documents, with the exception of the two computer discs. You were made aware the two computer discs were encrypted and would need to be approved prior to your receipt. The discs were approved and delivered to you on July 9, 2019. Therefore, your special/legal mail privileges have not been violated. As such, we find no evidence of staff malfeasance.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/23/19
Date

J. E. Krueger, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: __KADAMOVAS   JURIJUS__     __21050-112__     __SCU__     __TERRE HAUTE__
　　　　LAST NAME, FIRST, MIDDLE INITIAL　　　REG. NO.　　　UNIT　　　INSTITUTION

**Part A - REASON FOR APPEAL** THIS IS THE TIMELY APPEAL FROM REMEDY ID # 985090-F1 ABOUT OPENING MY LEGAL MAIL NOT IN MY PRESENCE IN VIOLATION OF THE BOP POLICY - FIRST FIFTH AND SIXTH AMENDMENT OF THE US. CONSTITUTION. I DO NOT OBJECT THAT MY MAIL WAS INSPECTED TO ENSURE THE SAFETY AND SECURITY OF THE INSTITUTION BUT I DO OBJECT THIS ONGOING INSPECTION OF MY LEGAL MAIL WITHOUT MY PRESENCE AND THEN KEEPING IT FOR DAYS.

RESOLUTION IS THE SAME AS IN BP-9; STOP OPENING-INSPECTING MY LEGAL MAIL OUTSIDE OF MY PRESENCE AND STOP KEEP IT FOR DAYS.

__4 AUGUST 2019__
DATE　　　　　　　　　　　　　　　　　　SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____　　　_____
　　　　　　DATE　　　　　　　　　　　　　　　REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE　　　　　　　　　CASE NUMBER: _____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C - RECEIPT**

　　　　　　　　　　　　　　　　　　　　　　CASE NUMBER: _____

Return to: _____
　　　　　LAST NAME, FIRST, MIDDLE INITIAL　　REG. NO.　　UNIT　　INSTITUTION

SUBJECT:_____

_____　　　_____
　　　　　　DATE　　　　　　SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)

Remedy No.: 985090-F2                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted July 23, 2019, in which you allege you did not receive two computer discs mailed in with your legal documents. For relief, you request your legal mail to be inspected in your presence.

A review of your request reveals your legal mail was opened in your presence on July 5, 2019, at 12:45 p.m. by SCU Unit Team. You were made aware at the time of inspection there were two computer discs included in your legal mail. You were provided legal documents with the exception of the computer discs. The envelope the compact discs were enclosed clearly stated the information was encrypted with an access password. To ensure the safety and security of the institution, the computer discs were further inspected by institutional staff and deemed appropriate. SCU Unit Team provided you with the two computer discs on July 9, 2019.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


_____7/31/19_____
Date

_____
T. J. Watson, Complex Warden

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** KADAMOVAS JURIJUS    21050-112    SCU    TERRE HAUTE
<u>LAST NAME, FIRST, MIDDLE INITIAL</u>    <u>REG. NO.</u>    <u>UNIT</u>    <u>INSTITUTION</u>

**Part A– INMATE REQUEST** ON JULY 5 2019 MR. SHEPHERD DELIVERED A BOX WITH MY LEGAL MAIL FROM AN ATTORNEY ONY HARTON WHO REPRESENTED ME IN KADAMOVAS v. CARAWAY, et AL., 2:17-CV-00050-WTL-MJD (PENDING APPEAL TO 5TH CIRCUIT) INSIDE THE BOX, AMONG A LEGAL PAPERS, WAS TWO CD's WHICH MR. SHEPHERD TAKED FOR INSPECTION. THIS TWO LEGAL CD's I HAVE RECEIVED ONLY ON JULY 9 2019 (ABOUT 5 DAYS) AND THEY ARE WAS INSPECTED NOT IN MY PRESENCE IN VIOLATION OF BOP POLICY FIRST SIXTH AMENDMENT AND DUE PROCESS.
I FILE COP OUT AND THEN BP-8, SEE ATTACHED. I HAVE SPOKE WITH UNIT MANAGER Ms. THOMAS WHO DID NOT OFFER ANY EXPLANATION ABOUT THIS ONGOING OPENING MY LEGAL MAIL OUTSIDE OF MY PRESENT AND WHY IT WAS KEEPED 5 DAYS.
RESOLUTION! STOP OPENING MY LEGAL MAIL OUTSIDE MY PRESENCE AND STOP KEEP IT FOR DAYS.

22 JULY 2019
<u>DATE</u>    <u>SIGNATURE OF REQUESTER</u>

**Part B– RESPONSE**

RECEIVED
USP Terre Haute

JUL 2? 2019

Administrative
Remedy Clerk

<u>DATE</u>    <u>WARDEN OR REGIONAL DIRECTOR</u>

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 985090A

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
<u>LAST NAME, FIRST, MIDDLE INITIAL</u>    <u>REG. NO.</u>    <u>UNIT</u>    <u>INSTITUTION</u>

SUBJECT: _____

<u>DATE</u>    <u>RECIPIENT'S SIGNATURE (STAFF MEMBER)</u>

BP–229(13)
APRIL 1982
USP LVN

ATTACHMENT # 5



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Terre Haute, Indiana*



☐ Institution   ☐ Region   ☒ Central

SCU UNIT

# Receipt of
# Administrative Remedy

| Inmate Name: | **KADAMOVAS, JURIJUS** | Reg. No.: | **21050-112** |
|---|---|---|---|
| Administrative Remedy No.: | **1043358-A1** | | |

Received on this _____ day of _____, 2020

Signature/Title of Staff

If Administrative Remedy is allowed to be resubmitted, it is due to a Unit Team staff member by _____, 2020.

Edits received by Unit Team on this _____ day of _____, 2020.

_____
Signature/Title of Staff

**Inmate Copy**

**Administrative Remedy No. 1043358-A1**
**Part B- Response**

This is in response to your Central Office Administrative Remedy
Appeal, wherein you claim your legal mail was not properly processed.
For relief, you request your legal mail be opened in your presence.

We have reviewed documentation relevant to your appeal and, based
on the information gathered, concur with the manner in which the
Warden and Regional Director addressed your concerns at the time of
your Request for Administrative Remedy and subsequent appeal.  You
were previously advised your legal mail was opened in error and this
matter has been addressed.  There is no evidence to support staff
intentionally failed to process mail in accordance with the
requirements of Program Statements 5800.16, Mail Management Manual
and 5265.14, Correspondence.

Accordingly, this response is for informational purposes only.


_____2/19/21_____
Date

_____
Ian Connors, Administrator
National Inmate Appeals

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attach-ments must be submitted with this appeal.

From: **KADAMOVAS JURIJUS**     **21050-112**     **SCU**     **TERRE HAUTE**

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** My LEGAL MAIL OFTEN HAS BEEN OPENED NOT IN MY PRESENT, AND I DO NOT BELIVE IT HAPENING BY MISTAKE BECAUSE ENVELOPE STAMPED THAT "THIS MAIL DOES NOT QUALIFY AS SPECIAL/LEGAL MAIL" DESPITE PROPERLY MARKED AS "SPECIAL MAIL" ON FRONT OF THE ENVELOPE (SEE ATTACHMENTS,

RESOLUTION! STOP OPENING MY LEGAL MAIL WITHOUT MY PRESENT.

**3 Nov. 2020**

DATE                                     SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED

NOV 1 3 2020

Administrative Remedy Section
Federal Bureau of Prisons

_____          GENERAL COUNSEL

DATE

ORIGINAL: RETURN TO INMATE          CASE NUMBER: **104 3358-A1**

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____

LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

DATE

BP-231(13)

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:**     1043358-R1

This is in response to your Regional Administrative Remedy Appeal received in this office on September 28, 2020, in which you allege on August 10, 2020, your legal mail was not opened in your presence.   For relief, you request for your legal mail to stop being opened without you present.

We have reviewed your appeal and the Warden's response dated September 11, 2020.   Program Statement 5265.14, Correspondence, stipulates, "The Warden shall open incoming special mail only in the presence of the inmate for inspection for physical contraband and the qualification of any enclosures as special mail.   The correspondence may not be read or copied if the sender is adequately identified on the envelope, and the front of the envelope is marked 'Special Mail — Open only in the presence of the inmate'."   As the Warden's response indicates, the mail in question was opened in error, as it did in fact qualify as legal mail per policy.   The Warden's response also indicates that the matter has been identified and addressed.

Based on the above, this response to your Regional Administrative Remedy Appeal is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534.   Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

10/14/20
Date

J. E. Krueger, Regional Director

U.S. Department of Justice

**Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: KADAMOVAS  JURIJUS            21050-112       SCU        TERRE HAUTE
      LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** MY LEGAL MAIL OFTEN HAS BEEN OPENED NOT IN MY PRESENT. ON AUGUST 10 2020, MY LEGAL MAIL PROPERLY MARKED WAS OPENED NOT IN MY PRESENT AGAIN.

RESOLUTION: STOP OPENING MY LEGAL MAIL WITHOUT MY PRESENT.

27 SEP. 2020
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 28 2020
REGIONAL DIRECTOR'S OFFICE
NORTH CENTRAL REGION

_____          _____
DATE                          REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**
                                                  CASE NUMBER: 1043358-R1

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____          _____
DATE                          SIGNATURE, RECIPIENT OF REGIONAL APPEAL

USP LVN          PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

Remedy No.: 1043358-F1                                    FCC Terre Haute, IN

## PART B - RESPONSE

This is in response to your Administrative Remedy receipted August 27, 2020, in which you allege your legal mail was not processed appropriately. For relief, you request your legal mail be opened in your presence.

A review of your request reveals the example you provided was processed as legal mail. It is clearly marked with the special/legal mail stamp and was processed appropriately. The example you provided with your BP-8 was opened in error. The issue has been identified and corrected as stated in the BP-8 response.

Therefore, this response to your Request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with this response, you may appeal to the Regional Director, North Central Regional Office, Federal Bureau of Prisons, 400 State Avenue, Suite 800, Kansas City, Kansas 66101. Your appeal must be received within 20 calendar days of the date of this response.


9/11/20
Date


T. J. Watson, Complex Warden

**U.S. DEPARTMENT OF JUSTICE**    **REQUEST FOR ADMINISTRATIVE REMEDY**

Federal Bureau of Prisons

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

**From:** KADAMOVAS JURIJUS    21050-112    SCU    TERRE HAUTE

| LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |
|---|---|---|---|

**Part A– INMATE REQUEST** As you may know, my legal mail often has been opened not in my present as policy require. On August 10, 202 my legal mail property marked was again opened not in my present, see attachments. to BP-8.
Resolution: Stop opening my legal mail without my present.

24 August 2020
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
AUG 27 2020
Administrative Remedy Clerk
FCC Terre Haute, IN

_____    _____
DATE    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**    CASE NUMBER: 1043358F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT: _____

_____    _____
DATE    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN    BP–229(13)
APRIL 1982

Attachment A

## FCC Terre Haute
## BP-8 - Informal Resolution

858

| NAME | NUMBER | UNIT |
|---|---|---|
| Kadamovas | 21050-112 | SCU |

**Notice to Inmate:** Be advised, ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you should attempt to informally resolve your complaint through your Correctional Counselor. Please refer to P.S. 1330.18, Administrative Remedy Program and the FCC Terre Haute Institutional Supplement thereto (both available via the Law Library).

1. Briefly state inmate's complaint (One complaint/issue per Form): On August 10, 2020 MY LEGAL MAIL WAS OPENED WITHOUT ME BE PRESENT, SEE DETALES IN COP OUT, AND ATTACHMENTS.

2. Requested Resolution: STOP OPENING MY LEGAL MAIC WITHOUT MY PLESENTS.

| Inmate Signature: | |
|---|---|
| Staff Printed Name/Signature/Date | S.Ha/JA    AUG 1 9 2020 |
| Dept Assigned for Response: Coor. Syst | Due Date: 8-26-2020 |

3. Staff Response:

Your Mail Was Opened In Error. This Issue Has Been Addressed And will Not Be A Problem Moving Forward.

Section 4: ☐ Informally Resolved/Complaint Withdrawn   ☐ No Informal Resolution/Progress to BP-9

_____
Inmate's signature

P.Louellette Sess
Staff Printed Name/Signature

8/21/2020
Date

THX-1330 18C

Page 5

ATTACHMENT # 6

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: KADAMOVAS JURIJUS     21050-112     SCU     TERRE HAUTE
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

**Part A - REASON FOR APPEAL** I HAVE THIS ONGOING ISSUES WHEN BOP OFFICIALS OPENING MY LEGAL MAIL WITHOUN MY PRESENCE ON October 25 2021 A LETTER FROM MY TRIAL ATTORNEY RICHARD CASTING WAS OPENED OUTSIDE OF MY PRESENCE AGAIN. I TIMELY FILED BP-8 MAIL ROOM RESPONDED THAT YOUR MAIL WAS OPENED IN "ERROR" ON 8 NOV 2021 I HAVE FILE BP-9 WITH WAS WRONGFULY REJECTED AS UNTIMELY. THE SAME STORY WITH BP-10 So... I APPEALING TO CENTRAL OFFICE AND ASKING TO STOP OPENING MY LEGAL MAIL OUTSIDE OF MY PRESENCE. THE BOP DENY MY RIGHTS FOR 1st, 5th, AND 6th AMENDAMENT OF THE U.S. CONSTITUTION.

JAN. 10 2022
_____
DATE

_____
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

_____
GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE

CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
       LAST NAME, FIRST, MIDDLE INITIAL     REG. NO.     UNIT     INSTITUTION

SUBJECT: _____

_____
DATE

PRINTED ON RECYCLED PAPER

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

BP-231(13)
JUNE 2002

UPN LVN

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: DECEMBER 8, 2021


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      NORTH CENTRAL REGIONAL OFFICE

TO   : JURIJUS KADAMOVAS, 21050-112
       TERRE HAUTE USP     UNT: SCU     QTR: X02-313L
       4700 BUREAU ROAD SOUTH
       TERRE HAUTE,  IN 47802



FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID      : 1101806-R1      REGIONAL APPEAL
DATE RECEIVED  : DECEMBER 7, 2021
SUBJECT 1      : SPECIAL/LEGAL MAIL
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOUR APPEAL IS UNTIMELY.  REGIONAL APPEALS (BP-10)
                 MUST BE RECEIVED WITHIN 20 DAYS OF THE WARDEN/CCM
                 RESPONSE OR RECEIPT OF THE DHO REPORT.  THIS TIME
                 INCLUDES MAIL TIME.



*JK RECEIVED ON JAN 4, 2022*

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: KADAMOVAS JULIUS    21050-112    SCU    TERRE HAUT
　　　LAST NAME. FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A - REASON FOR APPEAL**

On October 25, 2021 a letter from Attorney Richard Lasting was opened outside of Mr. Kadamovas' presence, despite prominent markings denoting that it was special legal mail.

The envelope followed all regulations of CFR 540.18.

See Attachment A (envelope from Richard Lasting).

Continued on additional page.

December 6, 2021
DATE                                                    SIGNATURE OF REQUESTER

**Part B - RESPONSE**

　　　　DATE                                                    REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: _____

**Part C - RECEIPT**

CASE NUMBER: _____

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

SUBJECT:_____

　　　DATE                    ♻                    SIGNATURE, RECIPIENT OF REGIONAL APPEAL

BP-230(13)
JUNE 2002

Regional Administrative Remedy Appeal, continued.
December 6, 2021

Attorney-client mail is privileged, both under the law and pursuant to BOP regulations. This is not the first time that the prison has improperly handled special mail addressed to Mr. Kadamovas. On August 10, 2020, the prison opened a clearly designated special mail envelope outside of Mr. Kadamovas' presence. Mr. Kadamovas filed a grievance and prison authorities conceded the error, asserting it was simply a mistake. Mr. Kadamovas was told that this would not be a problem in the future. Unfortunately, despite the assurances of 2020, the problem continues.

On October 25, 2021, Mr. Kadamovas wrote a "cop out", or an informal complaint to the mail room. See Attachment B (Oct. 25, 2021 Cop out). Receiving no response to his informal complaint, on October 31, 2021 Mr. Kadamovas filed a BP-8. See Attachment C (BP-8). While the BP-8 itself does not have a place for the date of its filing (only for a date for the institutional response), Mr. Kadamovas includes an email to his counselor dated November 7, 2021 noting that he wishes to file a BP-9 due to the lack of a response to his BP-8. See Attachment D (email).

The very next day, November 8, 2021, Mr. Kadamovas filed a BP-9. See Attachment E (BP-9). He emailed his counselor again on November 14, 2021 indicating that he still had not received a response to his BP-9. See Attachment D (email).

On November 17, 2021 he received a response from his BP-8 indicating, "A Review of your complaint reveals your legal mail was opened in error. This issue has been addressed and has been corrected." See Attachment F (BP-8 Informal Resolution). His BP-9 response indicates "Your request is untimely. Institution and CCC Requests (BP-9) must be received w/20 days of the event complained about." See Attachment G (BP-9 rejection).

The institutional denial is inaccurate, incorrect, and a failure to take seriously the prison's flagrant disregard of Mr. Kadamovas' legal rights. The BP-9 indeed must be received within 20 days of the event complained of. It was. The inappropriate opening of legal mail occurred on October 25, 2021. Twenty days after October 25, 2021 is November 14, 2021. The BP-9 was filed on November 8, 2021, within the deadline. This BP-10 administrative appeal is also timely filed, as it is within 20 days of the Response by the institution incorrectly denying the BP-9.

As this is only the latest in a pattern of repeated violations of Mr. Kadamovas' right to confidential legal mail, Mr. Kadamovas requests some change by the facility in how it handles legal mail, some additional training of staff, and more than mere assurances of future behavior. Simply responding that they made an error and alleging that it will not happen again has proven unsatisfactory in the past.

# Attachment A

Richard P. Lasting
Law Office of Richard P. Lasting
215 E. 8th St, #801
Los Angeles, CA 90014

LOS ANGELES CA  900
21 OCT 2021 PM 9  L



THIS MAIL DOES NOT QUALIFY
AS SPECIAL/LEGAL MAIL AS   Jus Kadamovas
DEFINED BY BOP PS 5265.14 Registration # 21050-112   X
CORRESPONDENCE  P Terre Haute
                P. O. Box 33
                Terre Haute, IN 47802

SPECIAL MAIL
OPEN ONLY IN
PRESENCE OF
INMATE TO
18 CFR 540.19(b)

47803-959953

# Attachment B

Cop Out

25 Oct 2021

From: N. Karamouas
#21050-112
SCU B#406

To: Mail Room.

I have this ongoing issues when mail room opening my legal mail without my presence.

On October 25, 2021 I have received mail from my trial attorney Richard P. Losting with regular mail and stam on it that "This Mail does not qualify as special/legal mail." This envelope was clearly mark "Special Mail" from law office of Richard P. Losting, and in the pass I had received the same legal mail from him by the legal mail as it must be.

Please explain to me why this mail was opened not in my present, and whut this mail does not qualify as special/legal mail.

Thank you for your concern,

Karamouas

# Attachment C

Attachment A

## FCC Terre Haute
## BP-8 - Informal Resolution

| NAME | NUMBER | UNIT |
|---|---|---|
| KALAMOUAS | 21050-112 | SCU |

Notice to Inmate: Be advised, ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you should attempt to informally resolve your complaint through your Correctional Counselor. Please refer to P.S. 1330.18, Administrative Remedy Program and the FCC Terre Haute Institutional Supplement thereto (both available via the Law Library).

1. Briefly state Inmate's complaint (One complaint/issue per Form): ON OCT. 25 2021 THE LEGAL MAIL FROM MY TRIAL ATTORNEY RICHARD P. CASTING WAS OPENED NOT IN MY PRESEN. SEE ATTACHED COP OUT AND E-MAIL

2. Requested Resolution: STOP OPENING MY LEGAL MAIL OUT OF MY PRESENT.

| Inmate Signature | |
|---|---|
| Staff Printed Name/Signature/Date | |
| Dept. Assigned for Response: | Corr Sys    Due Date   11/17/21 |

3. Staff Response: A Review of Your Complaint Reveals Your Legal mail was Opened In error. This Issue Has Been Addressed And Has Been Corrected.

Section 4: ☐ Informally Resolved/Complaint Withdrawn    ☐ No informal Resolution/Progress to BP-9

_____    P. Louellette _____    11/17/2021
Inmate's signature          Staff Printed Name/Signature    Date

THX-1330.18D                                          Page 5

# Attachment D

TRULINCS  21050112 - KADAMOVAS, JURIJUS - Unit: THP-X-A

------------------------------------------------------------------------------------------------------

FROM: USP SCU Unit
TO: 21050112
SUBJECT: RE:***Inmate to Staff Message***
DATE: 11/15/2021 08:52:02 AM

Someone will provide you with the form.

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 11/14/2021 8:44 PM >>>
To: To; Weyrauch
Inmate Work Assignment: -

I have never heard of a BP-A0493 form. Would you send it to me?

Program Statement 5265.14 clearly states for incoming correspondence to be processed under "the special mail procedures (see sections 540.18--540.19), the sender must be adequately identified on the envelope, and the front of the envelope must be marked "Special Mail--Open only in the presence of the inmate."

The envelope I received from attorney Mr. Lasting was properly marked as such.

Also, I haven't gotten response to BP-9.
-----USP SCU Unit on 11/8/2021 8:42 AM wrote:

>
Response: I suggest giving your attorney or have them look up BOP form BP-A0493 Special mail notice for clarification.

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 11/7/2021 9:03 AM >>>
To: To; Weyrauch
Inmate Work Assignment: -

I assume that mail room did not responded to BP-8, so, I would like to file BP-9
-----USP SCU Unit on 10/31/2021 11:02 AM wrote:

>
Your concern has been forwarded to the mail room.

>>> ~^!"KADAMOVAS, ~^!JURIJUS" <21050112@inmatemessage.com> 10/31/2021 7:48 AM >>>
To: To; Weyrauch
Inmate Work Assignment: -

I am having problems with my legal mail. It's be qualified as not special/legal mail, despite being addressed according to policy. I sent a Cop Out on paper to Mail Room, dated 25 Oct. 2021. I wrote this to Mail room:

"I have this ongoing when Mail Room opening my legal mail without my presence. On October 25, 2021, I have received mail from my trial attorney Richard P. Lasting with Regular Mail and stamp on it that "This mail does not qualify as special/legal mail..." This envelope was clearly mark "Special Mail" from Law Office of Richard P. Lasting, and in the pass I had received the same legal mail from them by the legal mail as it must be. Please explain to me why this mail was opened not in my presence, and why this mail does not qualify as "special/legal mail."

I am requesting a BP-8 to be filed on this issue.

# Attachment E

**U.S. DEPARTMENT OF JUSTICE**

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball–point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: KADAMOVAS JURIJUS    21050-112    SCU    TERRE HAUTE
      LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.     UNIT      INSTITUTION

**Part A– INMATE REQUEST** I HAVE THIS ONGOING ISSUE WHEN MAIL ROOM OPENING MY LEGAL MAIL FROM MY ATTORNEYS. SEE ATTACHED COP OUT WITH COPY OF ENVELOPES, AND BP-8 OPENING MY LEGAL MAIL OUT SIDE OF MY PRESENT VIOLATE THE FIRST AMENDMENT OF THE US CONSTITUTION AS WELL THE 6 AMENDMENT ACCESS TO THE COURT... IF I CAN'T HAVE CONFIDENTIAL COMMUNICATIONS WITH MY ATTORNEYS I CAN'T HAVE AN ATTORNEY. RESOLUTION: STOP OPENING MY MAIL FROM ATTORNEYS OUT SIDE OF MY PRESENT.

8 NOU. 2021
DATE

SIGNATURE OF REQUESTER

**Part B– RESPONSE**

11-18-2021

             DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**

CASE NUMBER: 1101806-F1

CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
          LAST NAME, FIRST, MIDDLE INITIAL      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

# Attachment F

Attachment A

## FCC Terre Haute
## BP-8 - Informal Resolution

| NAME KANAMOUAS | NUMBER 21050-112 | UNIT SCU |
|---|---|---|

Notice to Inmate: Be advised, ordinarily, prior to filing a Request for Administrative Remedy, BP-229 (13), you should attempt to informally resolve your complaint through your Correctional Counselor. Please refer to P.S. 1330.18, Administrative Remedy Program and the FCC Terre Haute Institutional Supplement thereto (both available via the Law Library).

1. Briefly state inmate's complaint (One complaint/issue per Form): ON OCT. 25 2021 THE LEGAL MAIL FROM MY TRIAL ATTORNEY RICHARD P. CASTING WAS OPENED NOT IN MY PRESEN. SEE ATTACHED COP OUT AND E-MAIL

2. Requested Resolution: STOP OPENING MY LEGAL MAIL OUT OF MY PRESENT.

| Inmate Signature | |
|---|---|
| Staff Printed Name/Signature/Date | RWeymouth |
| Dept Assigned for Response: | Corr Sys | Due Date: 11/17/21 |

3. Staff Response:
A Review of Your Complaint Reveals Your Legal mail was opened In error. This Issue Has Been Addressed And Has Been Corrected.

Section 4: ☐ Informally Resolved/Complaint Withdrawn   ☐ No Informal Resolution/Progress to BP-9

_____     P. Louellette _____     11/17/2021
Inmate's signature              Staff Printed Name/Signature       Date

THX-1330.18D                                                          Page 5

# Attachment G

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: NOVEMBER 19, 2021


FROM: ADMINISTRATIVE REMEDY COORDINATOR
      TERRE HAUTE USP

TO  : JURIJUS KADAMOVAS, 21050-112
      TERRE HAUTE USP     UNT: SCU     QTR: X02-406L
      4700 BUREAU ROAD SOUTH
      TERRE HAUTE,   IN 47802


FOR THE REASONS LISTED BELOW, THIS ADMINISTRATIVE REMEDY REQUEST
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.


REMEDY ID       : 1101806-F1     ADMINISTRATIVE REMEDY REQUEST
DATE RECEIVED   : NOVEMBER 18, 2021
SUBJECT 1       : SPECIAL/LEGAL MAIL
SUBJECT 2       :
INCIDENT RPT NO:

REJECT REASON 1: YOUR REQUEST IS UNTIMELY.  INSTITUTION AND CCC REQUESTS
                 (BP-09) MUST BE RECEIVED W/20 DAYS OF THE EVENT COMPLAINED
                 ABOUT.

ATTACHMENT # 7

Cop Out

16 March 2021

From: J. Kadamouas
  # 21050-112
  SCO B-309

To: Mr. Weyrauch

Today 16 Mar. 2022 I received Special Mail from Federal Capital Habeas Project, attorney George Kouros, with regular mail.

This mail was properly marked as "Special Mail...," but it again was opened not in my present.

I would like to file BP-8, and BP-9 before 20 days limitation period.

Thank you for your attention,

Case: 20-1889    Document: 19    Filed: 03/28/2022    Pages: 69

**FEDERAL CAPITAL HABEAS PROJECT**

Office of the Federal Public Defender
District of Maryland, Southern Division
6411 Ivy Lane, Suite 710
Greenbelt, MD 20770

G. KOUROS

THIS MAIL DOES NOT QUALIFY
AS SPECIAL/LEGAL MAIL AS
DEFINED BY BOP PS 5265.11
CORRESPONDENCE

SPECIAL MAIL - OPEN ONLY IN THE
PRESENCE OF THE INMATE - PERSON
ENTITLED TO INVOKE PROTECTION OF
SPECIAL MAIL, 28 C.F.R. § 540.18

Hasler
03/10/2022
US POSTAGE $001.16⁰

FIRST-CLASS MAIL

ZIP 20770
011E11676534

Mr. Jurijus Kadamovas
21050-112
USP Terre Haute
U.S. Penitentiary
P.O. Box 33
Terre Haute, IN 47808-0033

47808$0033 B050

SPECIAL

ATTACHMENT # 8
FOR COURT'S CONVENIENCE

United Nations



**International Covenant on Civil and Political Rights**

CCPR/C/GC/36

Distr.: General
3 September 2019

Original: English



**Human Rights Committee**

## General comment No. 36

### Article 6: right to life\*, \*\*

## I.  General remarks

1.     This general comment replaces general comments No. 6, adopted by the Committee at its sixteenth session (1982), and No. 14, adopted by the Committee at its twenty-third session (1984).

2.     Article 6 of the International Covenant on Civil and Political Rights recognizes and protects the right to life of all human beings. The right to life is the supreme right from which no derogation is permitted, even in situations of armed conflict and other public emergencies that threaten the life of the nation.[1] The right to life has crucial importance both for individuals and for society as a whole. It is most precious for its own sake as a right that inheres in every human being, but it also constitutes a fundamental right,[2] the effective protection of which is the prerequisite for the enjoyment of all other human rights and the content of which can be informed by other human rights.

3.     The right to life is a right that should not be interpreted narrowly. It concerns the entitlement of individuals to be free from acts and omissions that are intended or may be expected to cause their unnatural or premature death, as well as to enjoy a life with dignity. Article 6 of the Covenant guarantees this right for all human beings, without distinction of any kind, including for persons suspected or convicted of even the most serious crimes.

4.     Paragraph 1 of article 6 of the Covenant provides that no one shall be arbitrarily deprived of life and that this right shall be protected by law. It lays the foundation for the obligation of States parties to respect and ensure the right to life, to give effect to it through legislative and other measures, and to provide effective remedies and reparation to all victims of violations of the right to life.

5.     Paragraphs 2, 4, 5 and 6 of article 6 of the Covenant set out specific safeguards to ensure that in States parties that have not yet abolished the death penalty, death sentences are not applied except for the most serious crimes, and then only in the most exceptional cases and under the strictest limits (see part IV below). The prohibition on arbitrary deprivation of life contained in article 6 (1) further limits the ability of States parties to apply the death penalty. The provisions in paragraph 3 regulate specifically the relationship between article 6 of the Covenant and the Convention on the Prevention and Punishment of the Crime of Genocide.

---

\*  Adopted by the Committee at its 124th session (8 October–2 November 2018).

\*\*  The endnotes are reproduced in the language of submission only.

GE.19-15012(E)




Please recycle



38.    Article 6 (2) also requires States parties to ensure that any death sentence would be "in accordance with the law in force at the time of the commission of the crime". This application of the principle of legality complements and reaffirms the application of the principle of *nulla poena sine lege* found in article 15 (1) of the Covenant. As a result, the death penalty can never be imposed if it was not provided by law for the offence at the time of its commission. Nor can the imposition of the death penalty be based on vaguely defined criminal provisions,[162] whose application to the convicted individual depend on subjective or discretionary considerations,[163] the application of which is not reasonably foreseeable.[164] On the other hand, the abolition of the death penalty should apply retroactively to individuals charged or convicted of a capital offence in accordance with the retroactive leniency (*lex mitior*) principle, which finds partial expression in the third sentence of article 15 (1), requiring States parties to grant offenders the benefit of lighter penalties adopted after the commission of the offence. The retroactive application of the abolition of the death penalty to all individuals charged or convicted of a capital crime also derives from the fact that the need for applying the death penalty cannot be justified once it has been abolished.

39.    Article 6 (3) reminds all States parties that are also parties to the Convention on the Prevention and Punishment of the Crime of Genocide of their obligations to prevent and punish the crime of genocide, which include the obligation to prevent and punish all deprivations of life, which constitute part of a crime of genocide. Under no circumstances can the death penalty be imposed as part of a policy of genocide against members of a national, ethnic, racial or religious group.

40.    States parties that have not abolished the death penalty must respect article 7 of the Covenant, which prohibits certain methods of execution. Failure to respect article 7 would inevitably render the execution arbitrary in nature and thus also in violation of article 6. The Committee has already opined that stoning,[165] injection of untested lethal drugs,[166] gas chambers,[167] burning and burying alive[168] and public executions[169] are contrary to article 7. For similar reasons, other painful and humiliating methods of execution are also unlawful under the Covenant. Failure to provide individuals on death row with timely notification about the date of their execution constitutes, as a rule, a form of ill-treatment, which renders the subsequent execution contrary to article 7 of the Covenant.[170] Extreme delays in the implementation of a death penalty sentence that exceed any reasonable period of time necessary to exhaust all legal remedies[171] may also entail the violation of article 7 of the Covenant, especially when the long time on death row exposes sentenced persons to harsh[172] or stressful conditions, including solitary confinement,[173] and when sentenced persons are particularly vulnerable due to factors such as age, health or mental state.[174]

41.    Violation of the fair trial guarantees provided for in article 14 of the Covenant in proceedings resulting in the imposition of the death penalty would render the sentence arbitrary in nature, and in violation of article 6 of the Covenant.[175] Such violations might involve the use of forced confessions;[176] the inability of the accused to question relevant witnesses;[177] lack of effective representation involving confidential attorney-client meetings during all stages of the criminal proceedings,[178] including criminal interrogation,[179] preliminary hearings,[180] trial[181] and appeal;[182] failure to respect the presumption of innocence, which may manifest itself in the accused being placed in a cage or being handcuffed during the trial;[183] lack of an effective right of appeal;[184] lack of adequate time and facilities for the preparation of the defence, including the inability to access legal documents essential for conducting the legal defence or appeal, such as official prosecutorial applications to the court,[185] the court's judgment[186] or the trial transcript; lack of suitable interpretation;[187] failure to provide accessible documents and procedural accommodation for persons with disabilities; excessive and unjustified delays in the trial[188] or the appeal process;[189] and general lack of fairness of the criminal process,[190] or lack of independence or impartiality of the trial or appeal court.

42.    Other serious procedural flaws not explicitly covered by article 14 of the Covenant may nonetheless render the imposition of the death penalty contrary to article 6. For example, a failure to promptly inform detained foreign nationals of their right to consular notification pursuant to the Vienna Convention on Consular Relations, resulting in the imposition of the death penalty,[191] and failure to afford individuals about to be deported to a country in which

their lives are claimed to be at real risk the opportunity to avail themselves of available appeal procedures[192] would violate article 6 (1) of the Covenant.

43.     The execution of sentenced persons whose guilt has not been established beyond reasonable doubt also constitutes an arbitrary deprivation of life. States parties must therefore take all feasible measures in order to avoid wrongful convictions in death penalty cases,[193] to review procedural barriers to reconsideration of convictions and to re-examine past convictions on the basis of new evidence, including new DNA evidence. States parties should also consider the implications for the evaluation of evidence presented in capital cases of new reliable studies, including studies suggesting the prevalence of false confessions and the unreliability of eyewitness testimony.

44.     The death penalty must not be imposed in a discriminatory manner contrary to the requirements of articles 2 (1) and 26 of the Covenant. Data suggesting that members of religious, racial or ethnic minorities, indigent persons or foreign nationals are disproportionately likely to face the death penalty may indicate an unequal application of the death penalty, which raises concerns under article 2 (1) read in conjunction with article 6, as well as under article 26.[194]

45.     According to the last sentence of article 6 (2), the death penalty can only be carried out pursuant to a judgment of a competent court. Such a court must be established by law within the judiciary, be independent of the executive and legislative branches and be impartial.[195] It should be established before the commission of the offence. As a rule, civilians must not be tried for capital crimes before military tribunals[196] and military personnel can be tried for offences carrying the death penalty only before a tribunal affording all fair trial guarantees. Furthermore, the Committee does not consider courts of customary justice to constitute judicial institutions offering sufficient fair trial guarantees to enable them to try capital crimes. The issuance of a death penalty without any trial, for example in the form of a religious edict[197] or military order that the State plans to carry out or allows to be carried out, violates both articles 6 and 14 of the Covenant.

46.     Any penalty of death can be carried out only pursuant to a final judgment, after an opportunity to resort to all judicial appeal procedures has been provided to the sentenced person, and after petitions to all other available non-judicial avenues have been resolved, including supervisory review by prosecutors or courts, and consideration of requests for official or private pardon. Furthermore, death sentences must not be carried out as long as international interim measures requiring a stay of execution are in place. Such interim measures are designed to allow review of the sentence before international courts, human rights courts and commissions, and international monitoring bodies, such as the United Nations treaty bodies. Failure to implement such interim measures is incompatible with the obligation to respect in good faith the procedures established under the specific treaties governing the work of the relevant international bodies.[198]

47.     States parties are required pursuant to article 6 (4) to allow individuals sentenced to death to seek pardon or commutation, to ensure that amnesties, pardons and commutation can be granted to them in appropriate circumstances, and to ensure that sentences are not carried out before requests for pardon or commutation have been meaningfully considered and conclusively decided upon according to applicable procedures.[199] No category of sentenced persons can be a priori excluded from such measures of relief, nor should the conditions for attainment of relief be ineffective, unnecessarily burdensome, discriminatory in nature or applied in an arbitrary manner.[200] Article 6 (4) does not prescribe a particular procedure for the exercise of the right to seek pardon or commutation and States parties consequently retain discretion in spelling out the relevant procedures.[201] Still, such procedures should be specified in domestic legislation,[202] and they should not afford the families of victims of crime a preponderant role in determining whether the death sentence should be carried out.[203] Furthermore, pardon or commutation procedures must offer certain essential guarantees, including certainty about the processes followed and the substantive criteria applied and the rights for individuals sentenced to death to initiate pardon or commutation procedures and to make representations about their personal or other relevant circumstances, to be informed in advance when the request will be considered, and to be informed promptly about the outcome of the procedure.[204]

10



UNIVERSITY OF MINNESOTA
Human Rights Library

U.S. reservations, declarations, and understandings, International Covenant on Civil and Political Rights, 138 Cong. Rec. S4781-01 (daily ed., April 2, 1992).

I. The Senate's advice and consent is subject to the following reservations:

(1) That Article 20 does not authorize or require legislation or other action by the United States that would restrict the right of free speech and association protected by the Constitution and laws of the United States.

(2) That the United States reserves the right, subject to its Constitutional constraints, to impose capital punishment on any person (other than a pregnant woman) duly convicted under existing or future laws permitting the imposition of capital punishment, including such punishment for crimes committed by persons below eighteen years of age.

(3) That the United States considers itself bound by Article 7 to the extent that "cruel, inhuman or degrading treatment or punishment" means the cruel and unusual treatment or punishment prohibited by the Fifth, Eighth and/or Fourteenth Amendments to the Constitution of the United States.

(4) That because U.S. law generally applies to an offender the penalty in force at the time the offense was committed, the United States does not adhere to the third clause of paragraph 1 of Article 15.

(5) That the policy and practice of the United States are generally in compliance with and supportive of the Covenant's provisions regarding treatment of juveniles in the criminal justice system. Nevertheless, the United States reserves the right, in exceptional circumstances, to treat juveniles as adults, notwithstanding paragraphs 2(b) and 3 of Article 10 and paragraph 4 of Article 14. The United States further reserves to these provisions with respect to individuals who volunteer for military service prior to age 18.

II. The Senate's advice and consent is subject to the following understandings, which shall apply to the obligations of the United States under this Covenant:

(1) That the Constitution and laws of the United States guarantee all persons equal protection of the law and provide extensive protections against discrimination. The United States understands distinctions based upon race, color, sex, language, religion, political or other opinion, national or social origin, property, birth or any other status - as those terms are used in Article 2, paragraph 1 and Article 26 - to be permitted when such distinctions are, at minimum, rationally related to a legitimate governmental objective. The United States further understands the prohibition in paragraph 1 of Article 4 upon discrimination, in time of public emergency, based "solely" on the status of race, color, sex, language, religion or social origin not to bar distinctions that may have a disproportionate effect upon persons of a particular status.

(2) That the United States understands the right to compensation referred to in Articles 9(5) and 14(6) to require the provision of effective and enforceable mechanisms by which a victim of an unlawful arrest or detention or a miscarriage of justice may seek and, where justified, obtain compensation from either the responsible individual or the appropriate governmental entity. Entitlement to compensation may be subject of the reasonable requirements of domestic law.

(3) That the United States understands the reference to "exceptional circumstance" in paragraph 2(a) of Article 10 to permit the imprisonment of an accused person with convicted persons where appropriate in light of an individual's overall dangerousness, and to permit accused persons to waive their right to segregation from convicted persons. The United States further understands that paragraph 3 of Article 10 does not diminish the goals of punishment, deterrence, and incapacitation as additional legitimate purposes for a penitentiary system.

(4) That the United States understands that subparagraphs 3(b) and (d) of Article 14 do not require the provision of a criminal defendant's counsel of choice when the defendant is provided with court-appointed counsel on grounds of indigence, when the defendant is financially able to retain alternative counsel, or when imprisonment is not imposed. The United States further understands that paragraph 3(e) does not prohibit a requirement that the defendant make a showing that any witness whose attendance he seeks to compel is necessary for his defense. The United States understands the prohibition upon double jeopardy in paragraph 7 to apply only when the judgment of acquittal has been rendered by a court of the same governmental unit, whether the Federal Government or a constituent unit, as is seeking a new trial for the same cause.

(5) That the United States understands that this Covenant shall be implemented by the Federal Government to the extent that it exercises legislative and judicial jurisdiction over the matters covered therein, and otherwise by the state and local governments; to the extent that state and local governments exercise jurisdiction over such matters, the Federal Government shall take measures appropriate to the Federal system to the end that the competent authorities of the state or local governments may take appropriate measures for the fulfillment of the Covenant.

III. The Senate's advice and consent is subject to the following declarations:

(1) That the United States declares that the provisions of Articles 1 through 27 of the Covenant are not self-executing.

(2) That it is the view of the United States that States Party to the Covenant should wherever possible refrain from imposing any restrictions or limitations on the exercise of the rights recognized and protected by the Covenant, even when such restrictions and limitations are permissible under the terms of the Covenant. For the United States, Article 5, paragraph 2, which provides that fundamental human rights existing in any State Party may not be diminished on the pretext that the Covenant recognizes them to a lesser extent, has particular relevance to Article 19, paragraph 3, which would permit certain restrictions on the freedom of expression. The United States declares that it will continue to adhere to the requirements and constraints of its Constitution in respect to all such restrictions and limitations.

(3) That the United States declares that it accepts the competence of the Human Rights Committee to receive and consider communications under Article 41 in which a State Party claims that another State Party is not fulfilling its obligations under the Covenant.

(4) That the United States declares that the right referred to in Article 47 may be exercised only in accordance with international law.

IV. The Senate's advice and consent is subject to the following proviso, which shall not be included in the instrument of ratification to be deposited by the President:

Nothing in this Covenant requires or authorizes legislation, or other action, by the United States of America prohibited by the Constitution of the United States as interpreted by the United States.

---