UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | | |
|---|---|---|
| JURIJUS KADAMOVAS, | ) | USCA No. 20-1889 |
| | ) | |
| Petitioner-Appellant, | ) | Appeal from the United States |
| | ) | District Court for the Southern |
| v. | ) | District of Indiana, |
| | ) | Terre Haute Division |
| T. J. WATSON, *Warden*, | ) | |
| | ) | USDC No. 2:19-cv-00540-JPH-MJD-1 |
| Respondent-Appellee. | ) | James P. Hanlon, *District Judge*. |

**STATUS REPORT IN COMPLIANCE OF
THIS COURT'S ORDER OF JULY 12, 2021**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and Brian Reitz, Assistant United States Attorney, submits this report in compliance with the Court's order of July 12, 2021.

1.     Jurijus Kadamovas, a federal prisoner who was sentenced to death in the Central District of California, filed a 28 U.S.C. § 2241 petition in his district of confinement, the Southern District of Indiana. (R. 6.)[1] In the petition, Kadamovas claimed that confinement conditions made it "literally impossible" for him to litigate a 28 U.S.C. § 2255 petition. (R. 6 and 12.)

2.     On January 16, 2020, the district court ordered Kadamovas to show cause why this action should not be dismissed with prejudice as barred by 28 U.S.C. § 2255(e). (R. 3.)

---

[1] "R." refers to the district court docket.

3.     Kadamovas responded to the show cause order and filed an amended petition, raising allegations of suppressed evidence and prosecutorial misconduct. (R. 4, 5.)

4.     The Respondent was not ordered to respond to Kadamovas' filings, and the United States Attorney's Office for the Southern District of Indiana did not file an appearance in the underlying case.

5.     On April 22, 2020, the district court the dismissed with prejudice the amended petition because Kadamovas could not meet the savings clause of § 2255(e). (R. 12.)

6.     On May 27, 2020, the district court received Kadmovas' notice of appeal. (R. 11.) The notice was received by this Court the following day and assigned appeal number 20-1889. (D. 1.)

7.     On July 12, 2021, this Court ordered each party to file a status report confirming "whether and when [Kadamovas] moved in the sentencing court to vacate the criminal judgment, and what other steps (if any) [Kadamovas] is taking to obtain review in the sentencing court." (D. 16.)

8.     On July 26, 2021, Kadamovas filed a status report. (D. 17.) Kadamovas acknowledged that he is represented by appointed counsel in his California criminal case (2:02-cr-00220-MCS-2), and that no motion under § 2255 has been filed. (D. 17 at 1-3.) According to Kadamovas, he "will never

2

authori[ze] [appointed counsel] to file anything under section 2255 to the sentencing court." (D. 17 at 4.)

9.     On June 9, 2020, Kadamovas filed a *pro se* Appellant Brief. (D. 4.)

10.     On March 28, 2022, Kadamovas moved this Court to take action on his Appellant Brief. (D. 19.)

11.     Kadamovas' filing prompted a review of the docket in this appeal by the United States Attorney's Office for the Southern District of Indiana. The Respondent then recognized that it had not submitted a status report in compliance with this Court's July 12 order.

12.     Undersigned counsel was recently made aware of the July 12 order and apologizes to Kadamovas and this Court for the failure to file the status report within the required time. The error was entirely inadvertent and not a reflection of the seriousness with which the Respondent treats this Court's deadlines.

13.     In response to the July 12 order, the Respondent advises that even though the sentencing court appointed Kadamovas counsel to pursue § 2255 relief, to date he still has not filed a § 2255 petition. And, according to Kadamovas, he "will never authori[ze] [appointed counsel] to file anything under section 2255 to the sentencing court." (D. 17 at 4.)

That said, the most recent filing on the criminal court docket is a report to the sentencing court detailing how the COVID-19 pandemic has impeded

3

counsel's "ability to investigate the issues in this case, contact witnesses, interview witnesses, gather evidence, travel, collect records, and gather information." *United States v. Kadamovas, et. al*., No. 2:02-cr-00220-MCS-2, Declaration if Jean E. Giles in Support of Third Supplemental Proffer Regarding the Effects of the Pandemic (C.D. Cal. Nov. 11, 2021).

Thus, it appears that efforts are still being made to determine whether a § 2255 motion will be filed on Kadamovas behalf.

Respectfully submitted,

ZACHARY A. MYERS
United States Attorney

By:    s/ Brian Reitz
       Brian Reitz
       Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on April 6, 2022, I electronically filed the foregoing with

the Clerk of the Court for the United States Court of Appeals for the Seventh

Circuit by using the CM/ECF system.

Participants in the case who are registered CM/ECF users will be

served by the CM/ECF system.

I further certify that a copy was mailed the following business day, by

first class U.S. Mail, postage prepaid and properly addressed, to the

following:

Jurijus Kadamovas
Reg. No. 21050-112
TERRE HAUTE – USP
United States Penitentiary
P.O. Box 33
Terre Haute, IN 47808

s/ Brian Reitz
Brian Reitz
Assistant United States Attorney
Office of the United States Attorney
10 West Market Street, Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 229-2434
Email: Brian.Reitz@usdoj.gov

5